# Long *v.* Mostyn.

*Statutory Real Action in nature of Ejectment.*

1. *Mortgage of homestead; wife's signature and assent.*—The wife's "voluntary signature and assent," which are essential to the validity of a mortgage of the homestead by the husband, are sufficiently shown, when she signs the mortgage with her husband, and her name is mentioned with his in the concluding part of the instrument, though not elsewhere; but this effect can not be attributed to such signature, when it is expressly stated in the concluding part of the deed that she "joins in this conveyance for the sole purpose of conveying whatever right of dower she may have in and to the said property."

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Benjamin L. Long, against Charles Mostyn and Mrs. Anna Mostyn, to recover the pos-

[Long v. Mostyn.]

session of a tract of land containing forty acres, particularly described on the complaint, together with damages for its detention ; and was commenced on the 2d November, 1876. Charles Mostyn denied his possession, and entered a disclaimer; and Mrs. Anna Mostyn pleaded "the general issue, in short by consent, with leave to give in evidence any special matter of defense," and a trial was had on issue joined on this plea. The plaintiff claimed the lands under a mortgage executed by Thomas W. Mostyn, the deceased husband of Mrs. Anna Mostyn, a sale thereof under a power contained in the mortgage, and a conveyance to himself as the purchaser at the sale. The mortgage, which was offered in evidence by the plaintiff, was dated the 24th January, 1874 ; recited an indebtedness by said Thomas W. Mostyn to Isaac Long, the mortgagee, as evidenced by promissory note for $400, of even date with the mortgage, and due on the 24th March, next after date; conveyed the land now sued for, with personal property particularly described ; and the concluding clause was in these words : "In witness whereof, we, Thomas W. Mostyn (and my wife, Sarah A. Mostyn, who joins in this conveyance for the sole purpose of conveying whatever right to dower she may have in and to the aforegranted property), have hereunto set our hands and seals, this 24th day of January, A. D. 1874." This was signed by said Thos. W. Mostyn and S. A. Mostyn, with their seals attached ; and to it were annexed the certificates of the probate judge, as to the acknowledgments of its execution by the said grantors, on the day of its date, before him ; the certificate as to Mrs. Mostyn stating that she, "being examined separate and apart from her husband, touching her signature to the aforesaid conveyance, acknowledged that she signed the same, of her own free will and accord, and without fear, constraint, or persuasion of her husband."

It was proved, that the land was the homestead of said Thomas W. Mostyn, at the time the mortgage was given, and up to the time of his death, which occurred on the 18th July, 1874 ; that the lands were sold, under the power of sale contained in the mortgage, on the 1st August, 1874 ; that the defendant continued to reside on it after her husband's death, claiming it as her homestead ; "and there was no evidence that she ever acknowledged Long's right to take possession of the place," though the plaintiff introduced evidence tending to show that her husband promised to pay rent after the law-day of the mortgage ; and it was shown that the value of the lands was not more than $500. The court charged the jury, in substance, that the mortgage, and the sale under it, did not convey such title as would sustain

[Long v. Mostyn.]

this action against the defendant, if the lands were the homestead of said Mostyn and wife; and this charge, to which the plaintiff excepted, is now assigned as error.

GAMBLE & BOLLING, for the appellant.

J. C. RICHARDSON, and WATTS & SONS, *contra.*

SOMERVILLE, J.—The validity of the mortgage introduced in evidence by the plaintiff, for the purpose of establishing his title to the premises sued for, is the only question raised in this case by the rulings of the Circuit Court. This instrument embraces the homestead of the mortgagor, upon which he resided, with his family, at the date of its execution, and also at the time of his death. The wife's name does not appear in the body of the conveyance, as one of the grantors, but only in the concluding clause, which is as follows: "In witness whereof, we, Thomas W. Mostyn (and my wife, Sarah A. Mostyn, who joins in this conveyance for the *sole purpose* of conveying whatever right of *dower* she may have in and to the aforegranted property), have hereunto set our hands and seals, this 24th day of January, A. D. 1874."

It was said by this court in *Harrison v. Simons,* 55 Ala. 510, that the mere signature of a person to a deed, without being named in the conveyance as one of the grantors, passes to the grantee no interest or title to the lands which may at the time be owned by such subscriber. But in *Dooley v. Villalonga,* 61 Ala. 129, this principle was held not to be applicable to the signature of the wife to a deed or mortgage of the husband, conveying a homestead owned by him. This conclusion is based upon the fact, that the title of the property was in the husband alone, and that it is not a conveyance by the wife that is required to give validity to the husband's act, but only her "voluntary signature and assent" to such conveyance as may be legally executed by him.

But the mortgage here in question contains no such "voluntary signature and assent" of the wife as is required, for another and different reason. It was made with no view to convey the right of homestead, to which the law entitled her in certain contingencies. Its sole purpose is expressly stated to be, the relinquishment of her *dower,* which is a separate and distinct right from that of exemption, whether constitutional or statutory. The intention to do more, or to impart to the mortgage any additional scope, is repudiated by forcible implication, on the strength of the maxim, *Expressio unius est exclusio alterius.* We can not here give it

(35)

a meaning which the parties have agreed that it shall not have, where they have stipulated, as plainly as the clearness of language permits, that it shall affect only her right of dower. We know of no rule of construction, which permits us to say that it shall affect both her right of dower, and her right of homestead, each of which is equally contingent.

The appellant was not prejudiced by the rulings of the Circuit Court, and its judgment is therefore affirmed.