# Hood *v.* Powell.

*Bill in Equity by Widow and Heir to set aside Conveyance of Homestead, executed during Life-time of the Husband.*

1. *Alienation of homestead; Art 10, Sec. 2 of Constitution construed.* Under section 2 of Article 10 of the Constitution, providing that " a mortgage or other alienation of [the] homestead by the owner thereof, if a married man, shall not be valid, without the voluntary signature and assent of the wife to the same," the wife is not required to unite in the conveyance of the title; but she must assent thereto, and such assent must be evidenced by her voluntary signature.

2. *Same; mode and form prescribed by statute must be complied with.* The statute has provided the mode and form by which it shall be shown that such assent and signature were voluntarily given; and without that evidence, the conveyance is a nullity.

3. *Same; acknowledgment and certificate may be made after execution.* The acknowledgment by the wife of her voluntary signature and assent to a conveyance of the homestead, and the certificate thereto, required by the statute, may be made after the execution of the deed, becoming valid and binding from that time.

4. *Same; acknowledgment before sworn clerk of probate judge sufficient.* The sworn clerk of a probate judge is authorized to take and certify the acknowledgment of the wife to a conveyance of the homestead; and a certificate of acknowledgment, made by him for and in the name of his principal is sufficient.

APPEAL from Etowah Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill in equity, filed on 15th, March, 1880, by Mary A. Powell, widow of Elijah Powell, deceased, and E. T. Powell, their son, who was a minor at the time of his father's death. against S. R. Hood, to have vacated and canceled a deed of trust executed by the decedent on 30th December, 1872, purporting to convey his homestead to D. E. Turrentine, as

[Hood v. Powell.]

trustee to secure a designated debt, which he then owed to the defendant, on the ground that the deed was not acknowledged as required by the statute. The defendant answered, and the cause was submitted for decree on the deed of trust and an agreement of the parties, which is as follows: "It is admitted that E. Powell signed and delivered the original deed of trust, and acknowledged it before the probate judge of Etowah county, Alabama, (J. M. Morange), on the 4th November, 1873, as shown on said original deed of trust. It is also admitted that Mary A. Powell signed her name to said deed beneath that of her husband, on the 4th November, at the same time her husband signed the same; and that James T. Brooks would swear that she, said Mary A. Powell, acknowledged the same before him, said Brooks, who was an acting and sworn clerk of J. M. Moragne, judge of probate of Etowah county, on 14th November, in the manner and form set out in the certificate of acknowledgment indorsed on said original deed. The question submitted is, whether the said deed of trust was properly executed, as appears from its face and the certificates endorsed thereon, and the above admitted facts, to convey the homestead by a married man, under the Constitution and laws of Alabama, in force at the date of said deed of trust. If the court is satisfied that it was properly executed, then decree for the respondent; if of the opinion that it was not sufficiently and properly executed to convey the homestead, then decree for the complainants, with the right reserved to either party, in either event, to appeal to the Supreme Court." By the agreement all other questions were expressly waived. From the deed of trust, and the certificates thereon, it appears that Mrs. Powell is not named as a party therein; that she and her husband signed it under seal, without date; that her husband acknowledged the execution of the deed before J. M. Moragne, judge of probate of Etowah county, on 4th November, 1873, and his acknowledgment was properly certified; and that Mrs. Powell, on 14th December, 1873, acknowledged her signature to the deed before, and her acknowledgment was certified by said judge of probate in the form prescribed by the statute for acknowledgments of conveyances of homesteads in such cases. In the certificate of this acknowledgment, though in fact made by said clerk, his name nowhere appears.

On this submission, a decree was entered, declaring the deed of trust void, and granting the relief prayed; and that decree is here assigned as error.

DENSON & DISQUE, for appellant.

AIKEN & MARTIN, *contra.*
VOL. LXXIII.

[Massey v. Smith.]

STONE, J.—" A mortgage or other alienation of [the] home-stead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same."—Cons. of 1875, Art. 10, § 2.    This provision does not require that the wife shall unite in a conveyance of the title. She has none to convey.    She must assent to the conveyance, to be evidenced by her voluntary signature.    The statute has provided the mode and form by which it shall be shown her signature and assent were voluntarily given.    Without that evi-dence, the conveyance is a nullity.—Code of 1876, § 2822 ; Cahall v. Cit. Mut. B. Assso. 61 Ala. 232 ; Long v. Mostyn, 65 Ala. 543 ; March v. England, 65 Ala. 275.    And the acknowledgment and certificate may be made after the execu-tion of the deed, and they become valid and binding from that time forth.—Dooley v. Villalonga, 61 Ala. 129 ; March v. England, 65 Ala. 275.

The certificate of acknowledgment, made by the sworn clerk of the judge of probate, acting for and in the name of his prin-cipal, was sufficient.—Halso v. Seawright, 65 Ala. 431.

We need not consider the other questions discussed.

The decree of the chancellor is reversed, and a decree here-rendered dismissing the bill of complainants, at their cost in the court below and in this court.

Reversed and rendered.