# Clark v. Allen.

*Bill in Equity to establish Equitable Title to Homestead, and for Injunction against Judgment at Law.*

1. *Homestead tract containing more than eighty acres; equitable rights of purchaser from debtor, as against purchaser at execution sale.*—Where the owner of a homestead tract of land containing more than eighty acres, having made and filed a declaration and claim of exemption, which was valid though irregular, sold and conveyed the entire tract on the 6th March, 1880, putting the purchaser in possession; and the land was afterwards sold under an execution lien, which was existing at the time of this sale and conveyance, and the continuity of which was never broken; the plaintiff in execution becoming the purchaser with notice of the sale and conveyance by the debtor, and afterwards recovering a judgment at law for the land, against the grantee and his tenants, with damages for the rents; *held*, that the debtor's grantee acquired an equitable title to the homestead, not exceeding eighty acres of the entire tract, and was entitled to have it set apart in equity, and was also entitled to an injunction againtst the judgment for damages (or rents), so far as the rents accrued or arose from the land allotted to him.

2. *Same; setting aside sale under execution.*—In ordinary cases, a court of equity will not take jurisdiction to set aside a sale of lands under execution by the sheriff, even at the instance of a person who claims an equitable interest by purchase from the defendant, because he has an adequate remedy by motion to set aside the sale; but, when any distinct ground of equity intervenes, or when a motion to set aside the sale is not a complete and adequate remedy, he may invoke the jurisdiction of a court of equity.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. THOS. B. WETMORE, as special chancellor.

The bill in this case was filed on the 4th November, 1884, by Mrs. Martha J. Allen, against Thomas C. Clark and John P. Spencer; and sought to establish the complainant's equitable title and interest in a tract of land, which had been sold and conveyed to her by said Spencer, by deed dated March 6th, 1880, and which was afterwards sold under execution against him by the sheriff, said Clark becoming the purchaser; and Clark having afterwards recovered a judgment in ejectment for the land, against the complainant and her tenants, with $150 damages on account of rents, the bill also prayed a partial injunction of this money judgment, to the extent of her equitable interest in the land as ascertained by the decree of the court. Spencer died pending the suit, and it was abated as to him. .

[Clark v. Allen.]

The tract of land contained eighty-eight acres, and was owned and occupied by said Spencer, as he claimed, as a homestead, prior to his sale and conveyance, March 6th, 1880, to the complainant; and on the 22d October, 1878, he had made and filed for record, in the office of the probate judge, a declaration and claim of exemption for the whole tract, not selecting any particular part. The execution under which the land was sold by the sheriff, on the first Monday in August, 1881, was issued on a decree in chancery which said Clark had obtained against Spencer in July, 1879. The chancery suit was founded on a debt contracted in 1871, and it was pending when said declaration and claim of exemption was filed. The first execution on this decree was issued on October 22, 1879, returnable on the first Monday in January, 1880; and it was "returned for an alias," January 2d, 1880. A second execution was issued on the 5th January, 1880, returnable on the first Monday in June; and having been levied on said tract of land, it was returned, June 2d, "Levy discharged on claim of exemption filed." A third execution was issued December 2d, 1880, returnable on the fourth Monday in January, 1881, and returned January 25th, "No property found." A fourth execution, issued March 17th, with the return day in blank, was levied on the land on the 14th April, 1881; and it was returned June 6th, 1881, indorsed "Returned for alias pluries, by order of plaintiff." The fifth and last execution was issued June 6th, 1881, and returnable on the first Monday in September; and the land was sold under it, as above stated. Notice was given, at the sale, of Spencer's sale and conveyance to Mrs. Allen, and of her claim to the homestead interest of eighty acres. Mrs. Allen had taken possession of the land soon after her purchase, and claimed to be in possession, by her tenants, at the time of the sheriff's sale. In March, 1882, Clark brought an action of ejectment, or statutory action in the nature thereof, against Spencer and the tenants in possession; and Mrs. Allen defended the suit as landlord. In that suit, judgment was rendered in favor of the plaintiff, on October 25th, 1883, for the possession of the land, and for $150 damages on account of rents; and that judgment was affirmed by this court on appeal, as shown by the reported case of *Clark v. Spencer* (75 Ala. 49–58), which should be entitled *Spencer v. Clark.* This is the judgment, against which the complainant sought an injunction, to the extent of her interest in the land; and she also asked the appointment of com-

[Clark v. Allen.]

missioners, to set aside and allot to her eighty acres of the land, as the homestead interest acquired by her purchase from said Spencer.

A demurrer to the bill, for want of equity, was interposed, but overruled; and on final hearing, on pleadings and proof, a decree was rendered for the complainant, appointing commissioners to set aside and allot to her eighty acres of the land, and granting a partial injunction of the judgment for damages, or rents, as prayed. The defendant appeals from this decree, and assigns each part of it as error.

Thos. R. Roulhac, for appellant.—By her purchase and conveyance from Spencer, Mrs. Allen acquired only his estate and interest in the land, which was subject to Clark's execution lien; and that, if anything, was a legal, as distinguished from an equitable estate or interest, and has been lost by *laches*, or the failure to present it in proper form. All the facts on which she now relies were presented in the action at law, and were adjudged unavailing as a defense against Clark's title acquired by his purchase at the sheriff's sale.—*Clark v. Spencer*, 75 Ala. 49. It was expressly decided in that case, that though the claim of exemption was informal, it ought to have been contested; that the sale, without a contest, was irregular, and would have been set aside on timely application; but that "it can not be declared void on collateral attack." A motion to set aside the sale was the direct mode of impeaching it, and that was an adequate remedy.—Freeman on Executions, § 310; Freeman on Judgments, § 485; *Watts v. Gayle & Bower*, 20 Ala. 817; *Hair v. Lowe*, 19 Ala. 224; *Coffin v. McCullough*, 30 Ala. 107; *Henderson v. Sublett*, 21 Ala. 626; *Stockton v. Briggs*, 5 Jones' Eq. 309. As matter of fact, such an application was made, as the answer averred, and was overruled because not made within a reasonable time; but the special chancellor held that the fact was not properly presented to him, and could not be noticed for that reason. If the motion was made and overruled, the judgment is conclusive; if it was not made, the right to make it is now lost by *laches;* and in either case, equitable relief can not now be had against the judgment at law, except on the ground of fraud, accident, or mistake, as in the case of any other judgment at law.—Freeman on Executions, § 307; *McCaskell v. Lee*, 39 Ala. 132; *Henderson v. Henderson*, 66 Ala. 558; *Beadle v. Graham*,

66 Ala. 102; *Collier v. Falk*, 66 Ala. 223; *Broda v. Green-wald*, 66 Ala. 541.

J. B. HEAD, *contra*.    (No brief on file.)

SOMERVILLE, J.—The bill is filed by the appellee, Mrs. Allen, for the purpose of asserting an equitable interest in certain described lands, of which the legal title is in the appellant, Clark, who was defendant in the court below. The incidental relief sought is an injunction against a judgment for rent, obtained by Clark against the complainant and one Spencer, in an ejectment suit for the lands, in which Clark proved successful, which judgment was affirmed on appeal to this court.—*Clark v. Spencer*, 75 Ala. 49.

Two or three settled principles of law, in our opinion, require an affirmance of the chancellor's decree granting to the complainant the relief prayed.

The land in controversy belonged to one Spencer, and contained eighty-eight acres, or eight more than he was entitled to have set apart to him as a homestead, as against the execution under which it was sold, and purchased by Clark. Mrs. Allen bought the land from Spencer, for a valuable consideration, he at the time residing on it as a homestead. This sale, by deed duly executed, passed to her as purchaser an equitable title to Spencer's right of homestead—consisting of eighty acres, to be set apart or selected out of the whole tract—the remaining eight acres only being liable to Clark's execution. Clark, nevertheless, was vested with the legal title to the whole, until the exempted portion was set aside. When so designated and identified, the homestead would be rescued from the execution sale, because, as to the homestead, this sale was void.—*Clark v. Spencer, supra; DeGraffenreid v. Clark, Ib.* 425; *Hardy v. Sulzbacker,* 62 Ala. 44. Under this state of facts, the title of the complainant was purely equitable, and not legal; and she could invoke the aid of a court of chancery in asserting it, and having it confirmed. That court would have power to appoint commissioners, and authorize them to set aside the homestead by metes and bounds, so as to embrace an area of eighty acres, including the dwelling of the vendor, and not exceeding in value the sum of two thousand dollars. *McGuire v. Van Pelt*, 55 Ala. 344, 364. This is precisely the relief granted by the special chancellor in his decree.

It is contended, however, that the complainant had a

[Clark v. Allen.]

right to go into the Circuit Court, and have the sheriff's execution sale set aside for manifest irregularities; and for this reason, it is said, the bill is without equity. It is true, that under the practice in this State, it has been held that a third person, who has an equitable interest in lands, equally with one holding a legal title, connected by purchase with the defendant in execution, may, in a proper case, make a motion to set aside an execution sale, if his interests are thereby prejudiced.—*Henderson v. Sublett*, 21 Ala. 626; *Lee v. Davis*, 16 Ala. 516. But it by no means follows, that he is bound to pursue this remedy. If there is any distinct ground of equity jurisdiction, entitling him to invoke the aid of chancery, or if setting aside the execution sale is an incomplete and inadequate remedy, as in this case, he may make his choice of the forum in which he will enter for relief. He is not bound to select the inadequate remedy. *Ray v. Womble*, 56 Ala. 32. It may be admitted that a court of equity will not take jurisdiction to set aside a sheriff's sale in ordinary cases, independently of some specific ground of equitable jurisdiction. Nor is that the primary purpose of the present bill. Clark, as we have said, holds the legal title of the entire tract of land. He bought it with full knowledge of the complainant's rights, as claimed in the bill. He holds the legal title, therefore, charged with her equity, as a trustee for her benefit. The bill seeks to carve this equity out of his legal title, and to set aside a judgment for rents to which, in equity, the trustee was not entitled, because the land belonged not to him, but to the complainant as his beneficiary. All this can be accomplished without the formality of setting aside the execution sale, by a more devestiture of the legal title, and perpetually enjoining the judgment in the ejectment suit, as done in the chancellor's decree. The complainant's remedy at law obviously was not adequate. The judgment for rents was properly apportioned, in view of the fact that the complainant is entitled to only eighty out of the eighty-eight acres embraced in the land, the remainder going to the defendant, Clark, under his purchase at the sheriff's sale.

The decree is affirmed.