# Parks v. Barnett *et al.*

1. *Alienation of homestead; acknowledgment by wife after death of husband.*—A conveyance of the homestead signed by the husband and wife, but not acknowledged by the wife separate and apart from her husband, as required by law, (Code, § 2508), is a nullity; and an acknowledgment by the wife after the death of her husband, with certificate thereof in proper form, can not operate retrospectively to the prejudice of persons who had acquired intervening rights, or to defeat or affect the title of the husband's heirs.

2. *Adverse possession; what necessary to avoid deed made by one out*

*of possession.*—While to avoid a deed to land executed by one out of possession it is enough if there be one in adverse possession, exercising acts of ownership and claiming to be rightfully in possession with or without color of title, such adverse possession, to have this effect, must be actual and not merely constructive.

3. *Same; same; when no such adverse possession.*—Where, after the execution of a void deed to a homestead, and while the husband and wife remained in possession thereof, the husband dies intestate and without next of kin, and the wife remains in possession of the homestead after the death of the husband, neither the possession of the husband and wife nor the possession of the surviving wife was the possession ˙of the grantee in the void deed from the husband and wife, and a subsequent deed by the surviving wife conveying said homestead is not void, as being made by her when out of possession; and the grantee in the void deed can not claim by adverse possession as against a person claiming under said deed executed by the wife after her husband's death.

4. *Purchase of homestead; knowledge of prior void deed does not avoid purchaser's title.*—The fact that one who purchases a homestead had knowledge of the former execution of a deed thereto, which was void, does not affect the title of the subsequent purchaser.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was a statutory action of ejectment, brought by the appellant, M. D. L. Parks, against the appellee, W. R. Barnett, on January 16, 1893; and sought to recover the possession of a certain lot described in the complaint, situated in the city of Huntsville. On motion, Belle D. Coltart was made a party and allowed to defend the suit, as landlord of said Barnett. She pleaded the general issue, and the statute of limitations of ten years.

The plaintiff based his right to the possession of the lot sued for, on a conveyance executed by Teney Hart, who was the widow of William Hart, deceased. This conveyance was a warranty deed dated April 9, 1887, and conveyed to the complainant the fee simple title to the property. William Hart, the husband of the said Teney Hart died a few years before the execution of the conveyance to the said Parks, and left surviving him no heirs-at-law or next of kin, except the said Teney Hart, his wife. The said William Hart was in possession of the land, claiming it as his homestead, up to the time of his death; and thereafter the said Teney Hart was in possession up to the time of her death, which occurred in January, 1893, and immediately after the said Teney

[Parks v. Barnett *et al.*]

Hart's death, the defendant, Barnett, was put in possession as tenant for the defendant Coltart. The defendant based her right to the property sued for upon a deed conveying said lot, executed by the said William and Teney Hart to the said Belle D. Coltart, on October 13, 1879. Attached to this deed was a certificate of the justice of the peace of the acknowledgment of said William and Teney Hart to the execution of said deed; but there was no certificate certifying that the said Teney Hart had made a separate acknowledgment of the execution of the deed conveying her homestead, separate and apart from her husband, as required by statute. Some time after the death of said William Hart, Teney Hart acknowledged before a justice of the peace that she had voluntarily executed the deed referred to. The plaintiff objected to the introduction in evidence of the deed by the defendant Coltart, to which was also attached the certificate last referred to. This objection was overruled, and the plaintiff duly excepted. It is unnessary to notice the other rulings upon the evidence.

The plaintiff separately excepted to several portions of the court's general charge, and also separately excepted to the court's refusal to give, among others, the general affirmative charge in his behalf. There was judgment for the defendant, and plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

HUMES, SHEFFEY & SPEAKE, for appellant.—The deed from William and Teney Hart to the defendant, Coltart, was a nullity for all purposes, and not admissible against the plaintiff on any ground.—Code, 1886, § 2508; *McGuire v. Van Pelt*, 55 Ala. 345; *Balkum v. Wood*, 58 Ala. 642; *Garner v. Bond*, 61 Ala. 84; *Slaughter v. McBride*, 69 Ala. 510; *Scott v. Simons*, 70 Ala. 352; *Snedecor v. Freeman*, 71 Ala. 140; *DeGraffenried v. Clark*, 75 Ala. 425; *Crim v. Nelms*, 78 Ala. 604; *Halso v. Seawright*, 65 Ala. 431; *Alford v. Lehman*, 76 Ala. 526; *Strauss v. Harrison*, 79 Ala. 324; *Smith v. Pearce*, 85 Ala. 264; *Cox v. Holcomb*, 87 Ala. 589; *Woodstock Iron Co. v. Richardson*, 94 Ala. 629; *Hodges v. Winston*, 95 Ala. 514; *Richardson v. Woodstock Iron Co.*, 90 Ala. 266.

2. There was no evidence in this case that Coltart was ever in actual possession of the lot conveyed; and

[Parks v. Barnett *et al.*]

such evidence is necessary before a void deed is admissible as color of title. This is held by the strongest authorities we have found in favor of appellee and which will, no doubt, be cited by her counsel to this court.— *Watson v. Mancill,* 76 Ala. 600; *Alexander v. Savage,* 90 Ala. 383; *Strauss v. Harrison,* 79 Ala. 324; *Stovall v. Fowler,* 72 Ala. 77; *Jones v. Pelham,* 84 Ala. 208; *Hughes v. Anderson,* 79 Ala. 209.

LAWRENCE COOPER and W. A. GUNTER, *contra.*—1. Although the conveyance to the appellee may be void, yet it is admissible as color of title. The deed may be good for nothing and wholly worthless as a conveyance of title, still it is effective as color of title.— *Watson v. Mancill,* 76 Ala. 600; *Stovall v. Fowler,* 72 Ala. 77; *Allen v. Kellam,* 69 Ala. 442; *Hall v. Law,* 102 U. S. 461; Wood on Limitations, § 259 and note.

2. Any conveyance of property properly recorded is notice to a subsequent purchaser. And this, too, without any acknowledgment. It can not be said that this deed is not a conveyance of property. If it is void, it is because of the absence of the statutory acknowledgment of the wife, and for this reason only, and none other. This fact can not destroy its effect as notice, because by the express language of the statute, conveyances operate as notice "without any acknowledgment."— *Merritt v. Phenix,* 48 Ala. 87; *Bickley v. Keenan,* 60 Ala. 293.

HARALSON, J.—1. In the absence of children or next of kin, on the death of Wm. Hart, intestate, leaving a wife, his whole estate went, under the statute, to her. Code, § 1915, subdiv. 5.

2. The evidence is without conflict, that the lot sued for, at the time of its attempted conveyance by said Hart and wife to the defendant, Coltart, was their homestead in their actual occupancy and possession, as such, and had been for many years before. Their deed was without the acknowledgment of the wife, as required by section 2508 of the Code, to make a valid conveyance by the husband of the homestead. By the repeated decisions of this court, as well as by the terms of the statute itself, such a conveyance is void. It is said of such a deed, that it is a *nullity* to all intents and purposes, and confers no rights, present or prospective, is totally insufficient as

a muniment of title to support an action of ejectment, and is incapable of passing any estate or interest whatever in the homestead.—*McGuire v. VanPelt*, 55 Ala. 344; *Miller v. Marx, Ib.* 338 ; *Balkum v. Wood*, 58 Ala. 642 ; *Halso v. Seawright*, 65 Ala. 431 ; *Slaughter v. McBride*, 69 Ala. 510 ; *Hood v. Powell*, 73 Ala. 171 ; *Alford v. Lehman*, 76 Ala. 526 ; *Strauss v. Harrison*, 79 Ala. 324 ; *Smith v. Pearce*, 85 Ala. 266 ; *Cox v. Holcomb*, 87 Ala. 589.

We have also held, more than once, that such a conveyance, acknowledged by the wife after the death of the husband, with certificate thereof in proper form, does not defeat or affect the title of his heirs.—*Richardson v. Woodstock Iron Co.*, 90 Ala. 266 ; s. c. 94 Ala. 629; *Hodges v. Winston*, 95 Ala. 514.

3. So far, then, as this deed from said Hart to defendant is concerned, the title to the lot remained in Wm. Hart, as though it had never been signed by him and his wife. On his death, intestate and without next of kin, his wife had the right to the property and the capacity to convey the same to the plaintiff, as she did by her deed of 9th of April, 1887, unaffected by her previous inoperative and void deed to defendant.

Before that time, being the owners of the lot, with title in themselves and in the actual occupancy, it is impossible to conceive of Hart or his wife being the tenant of the defendant, who had no title. Their possession under such circumstances was not the defendant's or that of any one else, except their own. There is no pretense that defendant was ever in the actual possession of said lot, until Teney died in 1893, when her agent went on the premises and claimed it for her, but the Harts had remained in the continuous, unbroken actual possession until both of them died. And Teney, continuing in unbroken possession, after the death of her husband, certainly held it adversely to defendant, as is evidenced by the fact, that, claiming it as her own, and in the assertion of such claim, she sold and conveyed it to plaintiff in April, 1887. If it be said, therefore, that plaintiff's deed is void, because made by Teney, when out of possession, the contention has no basis in fact on which to stand. ''To avoid a deed made by one out of possession, it is enough if there be one in adverse, possession, exercising acts of ownership, and claiming to be rightfully in possession. Color of title is not necessary. Pos-

session, to have this effect, however, must be actual not constructive.'' On no principle, can it be said, that Teney's deed to plaintiff was void because made by her when she was not, but defendant was, in the actual possession.—*Bernstein v. Humes*, 71 Ala. 260; *Alexander v. Savage*, 90 Ala. 385.

4.  Nor was the void, inoperative deed to defendant from Hart and wife admissible in evidence to show color of title in defendant, on which to base a claim of title founded on ten years adverse possession. Any alleged possession of the defendant to have the effect to bar title of the legal owner, must have been hostile or adverse, actual, visible, notorious and continuous, under a claim or color of title; and no right can spring from mere claim or color of title, unaccompanied by actual possession. In the absence of such an adverse possession as falls within this definition, there is no room for the assertion of title by adverse possession, and the question of superior right of possession between the parties becomes, at law, one of superior legal title.—*Bernstein v. Humes*, 71 Ala. 260; *Dothard v. Denson*, 75 Ala. 482; *Hughes v. Anderson*, 79 Ala. 214; *Black v. Pratt C. & C. Co.*, 85 Ala. 504; *Echols v. Hubbard*, 90 Ala. 315; *Alexander v. Savage*, 90 Ala. 385.

5.  The plaintiff testified, that he had no knowledge or information of the claim of defendant to the property when he bought from Teney Hart. The fact that defendant's deed was recorded, when plaintiff acquired title, was a matter of no benefit to defendant, for even actual knowledge of its existence, since it was void and a nullity for all purposes, could not operate to prevent the plaintiff from purchasing the lot.

The defendant having failed to show adverse possession for the length of time that will support her claim against the plaintiff's title, and the plaintiff having shown a legal title older than that of defendant, both parties claiming from the same source, it follows, her title must give way to the plaintiff's.

The plaintiff was entitled to the general charge as requested, and the court erred in refusing to give it.

Reversed and remanded.