# Long *v.* Grant.

### *Action for Rent.*

(Decided Nov. 9, 1909. 50 South. 914.)

1. *Landlord and Tenant; Tenant Holding Over; Option of Landlord.*—Where a tenant holds over after the expiration of his lease, his landlord has the option of treating him as a trespasser, or of holding him to a continuance of the tenancy on the same terms.

2. *Same; Presumption.*—The presumption of the continuance of the tenancy arising from the tenant holding over, is rebuttable.

3. *Tenancy in Common; Holding by One; Effect.*—Tenants in common hold for themselves and for each other, and the relation of landlord and tenant does not exist between them, though one be in actual occupancy of the premises appropriating the proceeds.

3. *Same; Lease to Another.*—Tenants in common can enter into an agreement by which one becomes the tenant of the other, and liable for rent.

5. *Same; Lease; Termination.*—Where two co-tenants agree as to the leasing of the lands held in common and the leasing co-tenant distinctly notifies the co-tenant that he will not rent again on the former terms, and they fail to agree as to the terms, the occcupancy at the end of the term becomes, as it was before, the possession of both.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Action by Elloise Long against J. A. Grant, for rent. Judgment for defendant and plaintiff appeals. Affirmed.

C. S. McDOWELL, JR., and MERRILL & SON, for appellant.—A tenant who holds over after the termination of his lease is held to continue under the former terms notwithstanding he refuses to continue the lease and gives notice of his purpose not to do so.—*Robson, et al. v. Holt,* 90 Ala. 115; *Woolf v. Woolf,* 69 Ala. 549; *Rhodes F. Co. v. Weedon & Dent,* 108 Ala. 252; *Singer Mfg. Co. v. Fair,* 75 Ala. 270. A tenant although he be a joint owner who obtains possession and occupies under a lease is liable for rent after the expiration of the contract, and is conclusively presumed to hold under such contract.—*Lay v. Dickerson,* 15 Q. B. D. 60.

G. L. COMER, for appellee.—A tenant in common holds for himself and his cotenant, and while he may make a contract that will render him liable, for rent for the undivided interest not his, yet, if after the ter-

mination of the contract, he gives notice that he will not hold longer under its terms, his possession becomes that of the joint tenant holding for himself and others and his possession is that of joint tenants, and not that of landlord.—*Henderson v. Eason,* 17 Q. B. 701. The 4th and 5th statute of Anne is not the law in Alabama. *Gayle v. Johnson,* 80 Ala. 395. See generally.—*Newbold v. Stewart,* 67 Ala. 327; *Fielder v. Childs,* 73 Ala. 567; *Terrell v. Cunningham,* 70 Ala. 100; *Wilkerson v. Stewart,* 74 Ala. 198; *McCorr v. Barker,* 115 Ala. 543; *Sibley v. Alba,* 95 Ala. 191; *Burroughs v. Meadows,* 90 Ala. 140.

SIMPSON, J.—This is an action by the appellant (plaintiff) against the appellee (defendant) to recover rent claimed to be done. The plaintiff and defendant own the land for which rent is claimed as tenants in common. On or about the 20th of December, 1905, the plaintiff rented her half of the land to the defendant for the year 1906; the rental being 12 bales of middling cotton. The contract was in writing, and was surrendered to the defendant on the payment of the rent in the fall of that year. Defendant planted oats on part of the land in 1906, which did not mature, and consequently were not harvested until 1907. He remained in possession of the land, and gathered a crop in 1907; but in the fall of 1906, the defendant sent the witness Holmes to the husband and agent of the plaintiff, who informed said husband that he would not rent the interest of the plaintiff for the year 1907 for the same rent, but would be willing to rent it for 8 bales. Said husband and agent returned as answer that he would not rent the interest of his wife for 8 bales; that he wanted the lands sold for division. This was the message delivered to the defendant. The

court gave the general charge in favor of the defend-
ant, which the appellant claims was error, invoking
the principle of law that, when a tenant holds over aft-
er the expiration of his term, the option rests with
the landlord either to treat said tenant as a trespasser
or to hold him to a continuance of the tenancy on the
same terms.

There is no controversy as to this principle.—*Wolffe
v. Wolff & Bro.,* 69 Ala. 549, 554, 44 Am. Rep. 526;
*Robinson & Ledyard v. Holt,* 90 Ala. 115, 117, 7 South.
441. It is also true that each tenant in common holds
for himself and his co-tenant, and that the relation
of landlord and tenant does not exist between them,
though one be in the actual occupancy of the lands, and
appropriating the proceeds thereof.—*Gayle v. John-
ston,* 80 Ala. 396, 400. Tenants in common can, how-
ever, enter into an agreement by which one becomes
the tenant of the other, and responsible for rent.—
*Evans v. English,* 61 Ala. 416, 427. So the question
for decision is whether the mere fact that the tenant,
who has rented his co-tenant's interest for one year, is
conclusively presumed to continue the tenancy by re-
maining in possession of the premises.

The presumption is, as to any party, a rebuttable one
(24 Cyc. 1014), and the reason given for raising the
presumption is that the tenant cannot deny his land-
lord's title, and by remaining in possession he must
necessarily be either a trespasser or, by the acquies-
cence of the landlord, a tenant upon the same terms
as before obtained. The reason of the rule cannot ap-
ply to a tenant in common. He was in possession be-
fore the tenancy was created, and is entitled to remain
in possession, as tenant in common, after the relation
of landlord and tenant has terminated.

[Green v. Southern States Lumber Co.]

While it may be that a tenant in common who, after having rented the interest of his co-tenant, should, without anything being said, remain in the same exclusive occupancy after the termination of the term, would be presumed to have continued the tenant of his co-tenant, on the same terms, yet, where he distinctly notifies the co-tenant that he will not rent again on the former terms, and they fail to agree on any terms, his occupancy, at the end of the first term, becomes, as it was before, the possession of one tenant in common for all.  He could not give up the physical possession of the interest of his co-tenant without at the same time surrendering his own, which he is under no obligation to do.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.