(86 South. 531)

## PORTER v. HENDERSON.   (7 Div. 46, 46A.)

(Supreme Court of Alabama.   June 17, 1920. Rehearing Denied Oct. 21, 1920.)

**I. Appeal and error ⬤⟾1017—Register's finding presumptively correct.**

Under Code 1907, § 5955, subd. 1, relating to Supreme Court's appellate jurisdiction, a register's findings based on oral testimony is presumptively correct and will not be disturbed if there is reasonable doubt regarding its correctness.

**2. Tenancy in common ⬤⟾14—Act of cotenant in taking all rents does not constitute ouster.**

A cotenant is entitled to use of the entire property until there is an ouster of the cotenant from his interest in property, and the mere fact that a cotenant in possession has taken all the rents does not constitute an ouster.

**3. Tenancy in common ⬤⟾28(1)—Increased rentals due to improvements payable to tenant erecting improvements.**

A cotenant entitled to the increased value of lands caused by his erecting improvements thereon is also entitled to the rental increases due to such improvements.

**4. Partition ⬤⟾91—Commissioner's compensation for selling property reasonable.**

Compensation of $10 paid the register as commissioner for a division sale of property is reasonable.

**5. Partition ⬤⟾83 — Taxes on land and improvements apportioned.**

Upon a division sale of improved property, held, that half the current taxes should be apportioned against the improvements and the other half apportioned against the value of the unimproved property according to the parties' interest therein.

**6. Appeal and error ⬤⟾984(2)—Costs ⬤⟾13—Within chancellor's discretion and may be varied on appeal.**

In equity, the question of costs rests largely in chancellor's discretion, and the taxation thereof may be varied on appeal as justice may require.

**7. Partition ⬤⟾114(2)—Costs apportioned according to party's interest in sale proceedings.**

Upon a division sale of property, the costs of the proceeding will be apportioned against the parties according to their interest in the sale proceeds.

Appeal from Circuit Court, Talladega County; Hugh D. Merrill, Judge.

Bill by W. D. Henderson against Essie C. Porter. From the decree rendered, Essie C. Porter appeals, with cross-appeal by W. D. Henderson. Reversed and remanded on direct appeal.

Riddle & Riddle, of Talladega, for appellant.

Counsel discuss and argue the facts, but without citation of authority.

Knox, Acker, Dixon, & Sims, of Talladega, for appellee.

Counsel discuss and argue the facts, but without citation of authority.

THOMAS, J.   This is a cross-appeal from a decree confirming the report of the register on a reference. No question of law is involved—only the ascertainment of a question of fact. Exceptions were filed by both complainant and respondent to the report of the register.

[1] Under subdivision 1, § 5955, Code, the finding of a register based on oral examination of witnesses is presumptively correct, and, if there is a reasonable doubt as to whether it is correct, such finding will not be disturbed. This rule obtains as to review of the register's finding by the chancellor and by appellate courts. Bidwell v. Johnson, 195 Ala. 547, 70 South. 685; A., T. & N. Ry. Co. v. Aliceville Lbr. Co., 199 Ala. 391, 74 South. 441, 448; Clifford v. Montgomery, 202 Ala. 609, 81 South. 551, 552.

We have examined the record and are of the opinion that the sum reported by the register as a reasonable compensation to be paid complainant's solicitors for their services was supported by the evidence and should be

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

deducted from the proceeds of the sale of the unimproved land for reasons hereafter indicated.

[2, 3] The amount of the reasonable rental value of the property as unimproved, fixed at $40 since August 16, 1911, was at the rate of $5 per year; and there was evidence on which this finding may rest. However, the respondent Porter should not be charged that full sum, since a cotenant is entitled to the use of the whole property until there is an ouster or exclusion of the cotenant from the use and enjoyment of his interest in the property. The mere fact that a cotenant in possession has taken all the rents and profits does not show ouster. Winsett v. Winsett, 83 South. 117; [1] Coleman v. Coleman, 173 Ala. 282, 55 South. 827; Fielder v. Childs, 73 Ala. 567; Williams v. Avery, 38 Ala. 115; Kidd v. Borum, 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226; McGuire v. Van Pelt, 55 Ala. 344; Patten v. Swope, 85 South. 513; [2] McCaw v. Barker, 115 Ala. 543, 22 South. 131. The exclusion of the complainant from the use of his undivided interest in the unimproved lots could not extend beyond the respective dates of delivery to Henderson of the two deeds of date September 30, 1913, and September 5, 1916. Porter was only chargeable with two-thirds of the $5 yearly rental for the years of 1917 and 1918, and to the date of the reference—July 21, 1919, when, Dr. McLauren testified, he had the lands rented and would be there "three years this fall." There was error in charging respondent with the whole sum of $40 as rent since August 16, 1911. The opinion on former appeal demonstrated that Henderson was not entitled to the enhanced value of the lands by reason of respondent's improvements, but only to the value of the unimproved lots. The same reasons are of force as to the increased rentals on account of respondent's improvements, and the register correctly so found.

An examination of the evidence discloses that the finding of the register as to the value of the improvements on said property amounting to $500 was supported by evidence given orally. We will not disturb this finding.

[4] The compensation of $10 to be paid the register, as commissioner, for the sale of said property, was reasonable, and will be collected as other items of costs.

[5] There was no error in reporting to the court the amount of the accrued taxes on the property for the year ($10.20), that the property be sold free of that incumbrance. It should have been apportioned, one-half to the improvements and deducted from the amount of $500 allowed and set apart to respondent for such improvements thereon. The other one-half of this tax ($5.10 and interest) will be apportioned, respectively, one-third to re-

spondent's moiety of the sale of her one-third interest in the unimproved lot, and two-thirds to be deducted from the proceeds of the sale of complainant's two-thirds interest in the unimproved lots or its ascertained value.

[6, 7] As to the costs of the court and apportionment thereof, the register had nothing to do, the same being a matter of judicial determination by the court. In equity, the question of costs rests largely in the discretion of the chancellor. Manning v. Carter, 201 Ala. 218, 77 South. 744; Code, § 3222; Connor v. Armstrong, 91 Ala. 265, 9 South. 816; Kitchell v. Jackson, 71 Ala. 556; Ex parte Robinson, 72 Ala. 389. The taxation thereof may be varied on appeal as the justice of the case may require. Hunt v. Lewin, 4 Stew. & P. 138; Alexander v. Alexander, 5 Ala. 517; Allen v. Lewis, 74 Ala. 379. Where the parties "stand equally fair, in every respect, * * * the actor who brings the other into court, ought to pay the expense." Catlin v. Harned, 3 Johns. Ch. (N. Y.) 61; Alexander v. Alexander, supra.

It results from what we have said on both appeals that no part of the costs or solicitor's fees may be deducted from the value of the improvements. The same will be paid to respondent Porter without diminution by costs, solicitor's fees, or commissions for making the sale, and subject only to the sum of $5.10, the amount of "taxes for the present year," with interest thereon to date of payment on final decree. As to the value of such improvements, in a court of equity, the complainant was not a cotenant with respondent Porter. Their cotenancy only existed in the unimproved lots. No partition or sale for division among cotenants was effected as to said improvements, though such was incidentally accomplished by the sale pursuant to the decree. The partition between the parties litigant as cotenants was only as to the unimproved lots, and it is upon this moiety—the proceeds of the sale of the lots—that these burdens should, under the circumstances, be imposed.

The complainant Henderson will be taxed with the costs of this appeal—that including the appropriate costs in the lower court in perfecting the appeal, the transcript, and in the Supreme Court. The other costs incurred or accruing in the lower court in the conduct of the proceedings to a final decree, and the reasonable costs incurred as solicitor's fees, will be deducted from the $500, the proceeds of the sale of the unimproved lots, in proportion to the respective interests of the parties—one-third to Porter and two-thirds to Henderson. Thereafter, the remaining proceeds will be apportioned as follows: One-third to Porter, less the one-third of $5.10 and interest as taxes, and the allowance of two-thirds of the $5 annual rental ascertained to be reasonable and due from the date indicated. The remaining two-thirds will be

---

[1] 203 Ala. 373.    [2] Ante, p. 169.

paid to Henderson, with two-thirds of ·the $5 annual rentals from date indicated, less his proportionate part of the $5.10 and interest as taxes, to which his two-thirds interest in the unimproved lots were subjected.

The decree confirming the report of the register will be reversed at the instance of appellant Porter, and the cause is remanded for a final decree pursuant to this and our former opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes