O'CONNOR et al. v. BRINSFIELD.
(3 Div. 664.)

(Supreme Court of Alabama. Oct. 23, 1924.)

1. **Tenancy in common ⬉33—Evidence held to support finding of continuing agreement of tenant to pay or account for rent on final division of estate.**

In action for partition and accounting, evidence *held* to support inference of continuing agreement of cotenant to pay or account for rent on final division of estate.

2. **Tenancy in common ⬉33—Equity of situation looked to in arriving at intent of parties as to payment of rent.**

Manifest equity of situation may be looked to in arriving at intent of cotenants concerning payment of rent by one of them occupying part of premises.

3. **Tenancy in common ⬉33—Holding over held to raise implied agreement to continue to pay rent between tenants in common.**

If Code 1907, § 4732, applies to lease of residence property on monthly rental basis, holding over under same conditions and without notice of purpose to terminate tenancy raises implied agreement to continue to pay rent between tenants in common as between strangers.

4. **Tenancy in common ⬉28(1)—Cotenant at expiration of term may hold without liability for further rents, on notice that he no longer holds as tenant.**

It is not necessary that tenant in common in possession under lease should surrender possession at end of lease to avoid liability for rent, and if he gives notice that he no longer holds as tenant, he may continue to hold possession without further liability for rents.

5. **Tenancy in common ⬉33—Formal notice in writing unnecessary to terminate relation of landlord and tenant as between tenants in common; "tenant at will."**

Tenant in common in possession after expiration of lease under which he holds is not "tenant at will," so as to require 10 days' notice in writing to terminate under Code 1907, § 4732, and any notice brought home to cotenants clearly indicating purpose to terminate lease and retain possession as cotenant is sufficient, such as filing of answer in action for partition and accounting, wherein liability for rent was disclaimed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tenant at Will.]

6. **Tenancy in common ⬉37—Held not error to charge against defendant share of rents due other cotenants, though they filed no cross-bill.**

There was no error in charging up against one cotenant share of rents due each of other cotenants, notwithstanding they were respondents who filed no cross-bill therefor; it being proper to do complete equity in premises.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

---

Bill in equity by Sol E. Brinsfield against Cora O'Connor and others. From the decree, respondent Cora O'Connor appeals. Corrected and affirmed.

Steiner, Crum & Weil, of Montgomery, for appellant.

A tenant in common is not accountable for rents, unless he contracts to pay or holds adversely to his cotenants. Fielder v. Childs, 73 Ala. 567; Gayle v. Johnston, 80 Ala. 395. A tenant in common, holding over after lease, is presumed to hold possession under his own title. McKay v. Mumford, 10 Wend. (N. Y.) 351; Dresser v. Dresser, 40 Barb. 300. If no time is specified for termination of tenancy, the law construes it to run for the calendar year. Code 1907, § 4732.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. Bill in equity for partition by sale of lands for division among tenants in common, and an accounting for rents. The claim for accounting grows out of the occupancy of an apartment, part of the common property, by one of the tenants in common, for a period of more than six years prior to the filing of the bill.

The right to an accounting in favor of the other joint owners is rested upon averment and proof of an agreement to pay rents. Long v. Grant, 163 Ala. 507, 50 So. 914, 136 Am. St. Rep. 86; Gayle v. Johnston, 80 Ala. 395; Fielder v. Childs, 73 Ala. 567; Terrell v. Cunningham, 70 Ala. 100; Newbold v. Smart, 67 Ala. 326. This issue was heard upon oral testimony by the trial judge without a jury. The decree sustained the claim for accounting. The sufficiency of the evidence to support this finding is the main question presented for review.

The parties are brothers and sisters, deriving title by inheritance from their mother. The mother's estate was administered by Willis Chandler. On final settlement in 1915, it was agreed by the heirs that he should continue to manage the real estate, consisting of houses and lots in the city of Montgomery, as the common agent of the owners. Accordingly he has looked after the property, rented it, collected the rents, paid the taxes, insurance, and interest on an outstanding mortgage up to the filing of the bill. It appears that in November, 1915, respondent Mrs. Cora O'Connor was renting a home for herself and children at $10 per month. She removed into an apartment, part of the common property, and has there resided since. It appears the arrangement for removal was made by a brother, James Brinsfield, since deceased.

Mrs. O'Connor testifies that her brother told her at the time to pay rents when able to do so, and when she was not able, it would be all right. What information was given by James Brinsfield to Mr. Chandler and to the brothers and sister was excluded as hearsay. It sufficiently appears that Mr. Chandler continued to look after this as other rented property; called upon Mrs. O'Connor for the rents from time to time; that rent was paid him at the rate of $10 per month during the next twelve months, except for April and September; that she continued to pay at intervals for four months of 1917. On October 22, 1917, Mr. Chandler by letter requested payment of rents, calling attention to interest then due on the mortgage covering the property she was occupying. This was followed by payment of one month's rent October 26th. On January 18, 1918, Mr. Chandler again wrote Mrs. O'Connor, saying: "What is the rent situation with you at this time? Am I to understand that you desire the estate to hold a claim against your share, interest for your rent as tenant, or do you expect to pay when you can?" No reply was made nor notice given to Mr. Chandler or the brothers and sister that she no longer intended to pay or account for rents. Mrs. O'Connor further testifies to having conferred with Mr. Chandler touching repairs on the apartment occupied by her and being directed to make certain repairs on the same terms as other renters. This apartment occupied was half of the most valuable property. The other tenants in common occupied no part of the property, and by common consent substantially all the rents therefrom were devoted to payment of taxes, insurance, and carrying the mortgage on the property occupied by Mrs. O'Connor.

[1, 2] Without further details, we conclude there was evidence supporting a just inference of a continuing agreement to pay or account for rent on a final division of the estate. The statement of James Brinsfield to his widowed sister with a family of children, as given by her, is not inconsistent with an understanding that she should account for rents when able so to do out of the proceeds of the property. The manifest equity of the situation may be looked to in arriving at the intent of the parties. Equality is equity.

[3] It is suggested that under Code 1907, § 4732 the contract to pay rent, if any, is presumed to have terminated at the end of one year. As above noted, rent was paid at intervals after the lapse of a year. If this statute applies to a lease of residence property on a monthly rental basis, the weight of authority is that a holding over under the same conditions, and without notice of a purpose to terminate the tenancy, raises an implied agreement to continue to pay rent between tenants in common as

between strangers. Long v. Grant, supra; 38 Cyc., p. 65, n. 69.

[4] However, it is not necessary that a tenant in common should surrender possession of the common property to avoid liability for rent. Having an equal right of possession as joint owner, it is sufficient to give notice that no longer holds as tenant, and, thereupon, may continue to hold possession, not excluding other cotenants from the exercise of the same right, without liability for further rents. Long v. Grant, supra.

[5] The tenancy here was not an express tenancy at will requiring ten days' notice in writing to terminate the same under Code 1907, § 4732. No special form of notice was necessary. Any notice, verbal or written, brought home to the cotenants, clearly indicating a purpose to terminate the same, was sufficient. Harris v. Hill, 190 Ala. 589, 67 So. 284; Rutledge v. White, 206 Ala. 329, 89 So. 599. On September 27, 1923, Mrs. O'Connor filed her answer in this cause denying any agreement to pay rent, setting up her right to occupy as tenant in common, and disclaiming any liability for rent. All the other cotenants were parties to the suit, and service had been perfected upon them. The filing of this answer was a sufficient notice to terminate the tenancy theretofore existing as to the property occupied by her. The court charged her with rents to February 1, 1924, and further decreed "that she is liable for rent at the rate of $10 per month, from said February 1, 1924, during her occupancy of said property, until same is sold and sale confirmed by the court." This was error.

The decree will be here corrected so as to deduct rent from October 1, 1923, to February 1, 1924, four months, thus reducing the decree for balance due on rents from $460 to $420, and striking out the clause for future rents above quoted. From what has been said it will appear there was no substantial variance between pleading and proof in that the lease contract was alleged to have been made with Willis Chandler. It appears all parties recognized his agency and right of control and the contract became binding on all the parties only when approved by him.

[6] There was no error in charging up against Mrs. O'Connor the share of rents due each of the other cotenants, notwithstanding they were respondents who filed no cross-bill therefor. These respondents, by answer, or by decree pro confesso, admitted the equity of the bill, and did not disclaim an interest in the rents. It was proper to do complete equity in the premises.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.