## PHILLIPS et al. v. SMITH. (5 Div. 890.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

1. Partition �købø16—Complainant seeking partition or sale of lands for division must have title or perfect equity in an interest in the lands (Code 1923, §§ 9303, 9322).

Under Code 1923, §§ 9303, 9322, to maintain bill in equity for partition or sale of land for division, party complainant must have title or perfect equity in an interest in such lands.

2. Homestead ⊱118(5), 119.

A deed to a homestead without wife joining therein, or to which signature of wife is not properly acknowledged, passes no title.

3. Homestead ⊱118(4).

A deed reciting a relinquishment of right of dower is ineffectual as a conveyance of a homestead.

4. Husband and wife ⊱6(2)—Deed unsigned by grantor's wife held to have passed legal title subject to dower of grantor's wife, which was extinguished by her relinquishment thereof.

In absence of showing that conveyance to plaintiff not signed by grantor's wife was void, deed passed legal title subject to dower right of wife, which was extinguished by her relinquishment thereof.

5. Tenancy in common ⊱13—On termination of relation of landlord and tenant between tenants in common tenant is restored to his right as a tenant in common as respects possession.

As respects possession, where one tenant in common rented from a cotenant, on termination of relation by expiration of rental period, tenant was restored to his former position and right as a tenant in common.

6. Tenancy in common ⊱28(1)—Allowance, in bill for partition among joint owners, of accounting for use or rents, held error, where there was no actual ouster or depreciation of corpus of joint estate.

In bill for sale for partition of lands among joint owners, there having been no actual ouster by joint tenant, or a depreciation of corpus of joint estate by its use, the allowance of accounting for use or rents was error.

Appeal from Circuit Court, Tallapoosa. County; S. L. Brewer, Judge.

Bill in equity by J. A. Smith against John W. Phillips and others. From the decree, respondents appeal. Corrected and affirmed.

Jas. W. Strother, of Dadeville, for appellants.

To maintain the bill for partition or sale for division the complainant must have title to or perfect equity in an interest in the land, and the right exists only in favor of tenants in common. Code 1923, §§ 9303, 9322; Brown v. Feagin, 57 So. 20, 174 Ala. 438; Ezzell v.

Wilson, 76 So. 970, 200 Ala. 612; Long v. Long, 70 So. 733, 195 Ala. 560. A deed executed by one person to another while a third person is in adverse possession of the land attempted to be conveyed is void as against the adverse holder. Code 1907, § 3839, has no application to a deed executed prior to adoption of the Code. Seabury v. Hemley, 56 So. 530, 174 Ala. 116; Curtis v. Riddle, 59 So. 47, 177 Ala. 128; Gerald v. Hayes, 87 So. 351, 205 Ala. 105. A deed executed to the homestead by a married man without the wife joining therein, does not convey title. Thompson v. New England Co., 18 So. 315, 110 Ala. 400, 55 Am. St. Rep. 29; De Graffenried v. Clark, 75 Ala. 425; Alford v. Lehman, 76 Ala. 526; Wallace v. Feibelman, 60 So. 290, 179 Ala. 589; Lewis v. Lewis, 77 So. 406, 201 Ala. 112; Long v. Mostyn, 65 Ala. 543. Complainant was not entitled to rents from the respondents.

G. C. Douville and G. J. Sorrell, both of Dadeville, for appellee.

In the absence of proof, it will not be presumed that the land conveyed was a homestead. The deed from Elliott to Smith passed the legal title to the grantee, and if any right of selection remained in the widow, and did not pass by her deed, it was extinguished by her death. De Graffenried v. Clark, 75 Ala. 425; Clark v. Allen, 6 So. 272, 87 Ala. 198; Goodloe v. Dean, 8 So. 197, 81 Ala. 479. One tenant in common may lease the interest of his cotenant, and the lessee tenant surrenders no right or title that he had in the premises by the relation of landlord and tenant existing by reason of such lease. Long v. Grant, 50 So. 914, 163 Ala. 507, 136 Am. St. Rep. 86.

THOMAS, J. The bill was for sale for partition of lands among joint owners. The effect of the recent amendment of the statutes was discussed in Wood v. Barnett, 94 So. 338, 208 Ala. 295; Sandlin v. Anders, 98 So. 299, 210 Ala. 396; Stokes v. Stokes, (Ala. Sup.) 101 So. 885;[1] Chandler v. Home Loan Co., 99 So. 723, 211 Ala. 80; Clark v. Whitfield (Ala. Sup.) 105 So. 200.[2] And the right of a cotenant to rents was the subject of O'Connor v. Brinsfield, 101 So. 679, 212 Ala. 68; Porter v. Henderson, 86 So. 531, 204 Ala. 564; Winsett v. Winsett, 83 So. 117; 203 Ala. 373.

[1] To maintain a bill in equity for partition or the sale of lands for division, the party complainant must have a title or a perfect equity in an interest in said lands. Code 1907, §§ 5203, 5222; Code 1923, §§ 9303, 9322; Stein v. McGrath, 30 So. 792, 128 Ala. 175; Wood v. Barnett, 94 So. 338, 208 Ala. 295; Betts v. Ward, 72 So. 110, 196 Ala. 248; Long v. Long, 70 So. 733, 195 Ala. 560, 561; Brown v. Feagin, 57 So. 20, 174 Ala. 438, 443. Appellee claims title through a deed pur-

---

⊱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 212 Ala. 190.            [2] 213 Ala. 441.

porting to have been executed by Andrew Elliott in 1878, who is shown by appellee (as a witness in his own behalf) to have been in the possession of the land. And the deed from Parmalee to Elliott is of date October 31, 1874. If it was shown that the land was a part of the homestead of Elliott at the date of his conveyance, and his wife failed to join therein, the same would be void. The fact that it was a homestead is not shown, and the conveyance was of a larger tract, if it included a homestead. Goodloe v. Dean, 8 So. 197, 81 Ala. 479; De Graffenried v. Clark, 75 Ala. 425; Clark v. Allen, 6 So. 272, 87 Ala. 198. To cure the defect occasioned by the wife's failure to sign the conveyance, on October 10, 1904, she made a conveyance, and that instrument recited, among other things, a valid consideration and the relinquishment of her dower interest in said half interest in the land; that the lands had been conveyed to "J. A. Smith by my [her] husband Andrew Elliott, about the year 1878"; that "my [her] said interest in said lands attaching by virtue of my [her] being the wife of the said Andrew Elliott during his ownership of said lands"; and concludes with the habendum clause, "To have and to hold the said dower interest to the said J. A. Smith, his heirs and assigns forever."

[2, 3] It is established in this jurisdiction that a deed to the homestead without the wife joining therein, or to which the signature of the wife is not properly acknowledged, passes no title. Lewis v. Lewis, 77 So. 406, 201 Ala. 112; Wallace v. Feibelman, 60 So. 290, 179 Ala. 589; Clark v. Bird, 48 So. 359, 158 Ala. 278, 132 Am. St. Rep. 25; McGhee v. Wilson, 20 So. 619, 111 Ala. 615, 56 Am. St. Rep. 72; Parks v. Barnett, 16 So. 136, 104 Ala. 438; Alford v. Lehman, 76 Ala. 526; McGuire v. Van Pelt, 55 Ala. 344; Miller v. Marx, 55 Ala. 338. And a deed reciting a relinquishment of right of dower is ineffectual as a conveyance of a homestead. Long v. Mostyn, 65 Ala. 543; Thompson v. Sheppard, 5 So. 334, 85 Ala. 611; Burrows v. Pickens, 29 So. 694, 129 Ala. 648; Penny v. B. & A. Mortg. Co., 31 So. 96, 132 Ala. 357. The testimony is not sufficient to show a void conveyance by Elliott to Smith, and shows the wife had also relinquished her dower interest. The evidence shows that when Smith "bought out" Elliott the latter moved to Texas, in the spring of 1879, and later died. Complainant's evidence was to the effect that during the past 25 years his tenants "have lived in the house that we supposed was an undivided proposition," and cultivated portions of the land, and that he was living there when "Phillips moved in on him"; that when complainant moved out of the house his tenant moved in and held the same till Phillips moved "in on him."

[4] The deed to Smith passed the legal title, subject to the dower right of the wife, which was extinguished by her conveyance, and certainly by her death.

[5] Neither of the parties shows title back to the United States. Their respective possessory acts are important in determining their respective rights. The possession of the parties was not inconsistent with that of joint ownership. The rent notes of Smith to Phillips were those of a tenant in common renting from a cotenant, and when the relation terminated by expiration of the rental period, Smith was restored to his former position and right as a tenant in common. Long v. Grant, 50 So. 914, 163 Ala. 507, 136 Am. St. Rep. 86.

[6] The decree of the circuit court, in equity, is in error in holding:

"That the complainant is entitled to have paid to him out of the proceeds of the sale of the land an amount equivalent to one-half of all rents which have been received by any of the parties since the complainant became a tenant in common with the respondents, but not until after taxes which have been paid by the respondents on said land have been deducted from such proceeds."

The allowance of accounting for use or rents was not in accord with the authorities. There was no actual ouster by a joint tenant, or a depreciating of the corpus of the joint estate by its use. As to rents allowed the decree is corrected. O'Connor v. Brinsfield, 101 So. 679, 212 Ala. 68; Porter v. Henderson, 86 So. 531, 204 Ala. 564; Winsett v. Winsett, 83 So. 117, 203 Ala. 373.

The decree of the circuit court, in equity, as corrected, is affirmed.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

