## Clarke v. Clarke's Administrator.

### *Statutory Real Action in Nature of Ejectment.*

1. *Estoppel against tenant from denying landlord's title.* — Where a widow, whose dower has not been assigned, remains in possession of her husband's lands, and leases them for a term of years, and the husband's administrator brings ejectment against her tenant, the latter is estopped from denying the husband's title.

2. *What title will support action.* — A bare peaceable possession, under claim of title, though for a less period than would bar a real action, is sufficient to support ejectment against a trespasser, or against a tenant who cannot dispute the plaintiff's title.

3. *Plea of not guilty; effect of.* — In ejectment by an administrator in his representative capacity, the plea of not guilty admits the plaintiff's right to sue in that character, and renders it unnecessary for him to prove his letters of administration.

APPEAL from the Circuit Court of Coffee.
Tried before the Hon. J. McCALEB WILEY.

W. D. ROBERTS, for appellant.

J. E. P. FLOURNOY, *contra*.

B. F. SAFFOLD, J. — The suit is ejectment by the appellee, as administrator of Samuel Clarke, against the appellant.

VOL. LI.

[Toney v. Wilson.]

Samuel Clarke entered into possession of the land in 1858, and retained it until his death in 1863. His widow continued in possession until 1867, when, not having had her dower in her husband's estate set apart to her, she rented the premises to the defendant, for nine years. In October, 1870, the plaintiff commenced this suit. The defendant undertook to set up title in George Clarke, the father of the intestate and of himself. The court refused to permit him to do so, because, having obtained possession as a tenant from the widow of the decedent, who claimed only his title, he was estopped.

1. This ruling was correct. A tenant may show that the title under which he entered has expired, or has been extinguished; but he cannot dispute the title of his landlord, so long as it remains as it was when the tenancy commenced. By receiving possession of land from another, under a lease, the tenant impliedly admits that the lessor has such a title as authorized him thus to dispose of the premises. *Randolph* v. *Carlton*, 8 Ala. 606; *Russell* v. *Erwin's Adm'r*, 38 Ala. 44.

2. As to the plaintiff's right to maintain this action, a bare peaceable possession, under claim of title, though for a less period than would bar a real action, without abandonment, will support the action against a trespasser, especially where there has been a descent cost. *Smoot & Nicholson* v. *Lecatt*, 1 Stew. 590. Certainly, it will do so against one who cannot dispute the plaintiff's title.

3. It was not incumbent on the plaintiff, in this case, to prove that he was the administrator of Samuel Clarke, because the defendant's plea of not guilty admitted his right to sue in that capacity. *Worsham* v. *Goar*, 4 Port. 441.

There is no error in the record, of which the defendant has any right to complain, and the judgment is affirmed.