## JONES v. MELINDY.

Opinion delivered March 28, 1896.

APPEAL—EXCEPTION.—An exception merely stating that defendant objected to the reading of a certain mortgage, without specifying the grounds of exception, is too general and indefinite for consideration on appeal.

MORTGAGE—PROOF OF RECORD.—The record of a chattel mortgage of another state cannot be proved by the testimony of the register of deeds in whose office it is filed, but may be proved by an authenticated copy, as required by Rev. Stat. U. S. sec. 906, or by an examined copy duly made and sworn to by any competent witness.

APPEAL — BRINGING UP THE EVIDENCE. — *An* instrument cannot be found on appeal to have been read in evidence, where there is no mention of it in the bill of exceptions, though it is sent up in response to a writ of *certiorari*, and the clerk, in his return thereto, certifies that it was filed and read in the case.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

### STATEMENT BY THE COURT.

The appellee recovered a judgment in replevin for the possession of two horses, to reverse which the appellant has brought the case to this court. The appellee (the plaintiff below) relied upon a mortgage executed to him upon the horses in the state of Kansas, and read in evidence what purported to be the original mortgage, over the objection of the appellant, to which he excepted in general terms only. The appellee was permitted, over the objection of the appellant, to prove by J. R. Brown that he was register of deeds of Sedgwick county, Kansas; that the instrument read in evidence was a chattel mortgage given by E. H. Ward to N. H. Melindy for $466.88, dated the 5th day of March, 1889, and filed for record March 7th, 1889, at 2:55 p. m., and renewed the 18th day of February, 1890, at 9 o'clock a. m., and entered in volume R.; that a true copy of this instrument is recorded in the office of the register of deeds of Sedgwick county, Kansas; and that he knew it to be a true copy, because he had compared it with the original chattel mortgage. The appellant excepted to the ruling of the court in admitting this evidence of Brown.

A writ of certiorari was issued by the clerk of this court, upon the application of the appellee, to bring up a copy of said mortgage, duly proved and certified according to law, which the appellee alleged in his petition for certiorari was filed and read in evidence in the court below, and which he says in his brief was filed

and read as evidence in the case, and which the clerk of the Jefferson circuit court certifies, in his return in answer to the writ of certiorari, was filed and read in the case.  But we can find no mention of this in the bill of exceptions, nor any reference whatever to this authenticated copy.

In the exception by the appellant to the ruling of the court in permitting the mortgage to be read in evidence, it is stated that "the defendant objected to the reading of the mortgage from Ward to Melindy," without any specification of the grounds of his objection.  His objection was overruled, and he excepted.  The laws of Kansas in relation to chattel mortgages were proved and read in evidence, the 9th, 10th, 11th and 12th sections of which are as follows:

"Sec. 9.  Every mortgage, or conveyance intended to operate as a mortgage, of personal property which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited in the office of the register of deeds, in the county where the property shall be situated, or, if the mortgagor be a resident of this state, then in the county of which he shall at the time be a resident.

"Sec. 10.  Upon the receipt of any such instrument, the register shall endorse upon the back thereof the time of receiving it, and shall file the same in his office, to be kept there for the inspection of all persons interested.

"Sec. 11.  Every mortgage so filed shall be void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year after the filing thereof, unless, within thirty days next preceding the

expiration of the term of one year from such filing, and each year thereafter, the mortgagee, his agent, or attorney, shall make an affidavit exhibiting the interest of the mortgagee in the property, at the time last aforesaid, claimed by virtue of such mortgage, and, if the said mortgage is to secure the payment of money, the amount yet due and unpaid. Such affidavit shall be attached to and filed with the instrument or copy on file to which it relates.

"Sec. 12. If such affidavit be made and filed before any purchase of such mortgaged property shall be made, or other mortgage deposited, or lien obtained thereon, it shall be as valid to continue in effect such mortgage as if the same had been filed within the period above provided."

The defendant's motion for a new trial, so far as it relates to the introduction of evidence, is as follows: "2. That the court erred in refusing to sustain his objections to certain parts of the evidence, both oral and depositions herein, and in admitting improper and illegal evidence to go to the jury at the trial thereof, being all the evidence objected to at the trial, as shown from the bill of exceptions."

The second instruction given by the court at plaintiff's request was as follows: "2. If the jury believe from the evidence that the mortgage was properly renewed within one year previous to the institution of this suit, then there was no necessity for any further renewal, the right of the parties being fixed by the condition of the mortgage at the time of the institution of this suit."

*N. T. White*, for appellant.

1. The mortgage was not admissible in evidence. It does not show the indorsement of the register of deeds, nor that it was ever recorded. Laws of Kansas, sec. 9, ch. 68, art. 2, etc.

2. The laws of another state can only be proved in the mode provided by the act of Congress. Mansf. Dig., pp. 156, 157; Rev. Stat. U. S., secs. 905–6; 7 Ark. 369; 14 *id.* 672; 1 Am. & Eng. Enc. Law, pp. 1022, 1023–4 and cases cited. It was error to admit the testimony of Brown.

3. The second instruction was erroneous. Laws of Kansas, sec. 11, ch. 68, art. 2. At the time of trial, Melindy had no right to the possession of the property, as he had failed to keep his mortgage alive by *annually* renewing it, as required by the laws of Kansas. Cobbey on Replevin, sec. 97; 64 Miss. 204; 59 *id.* 54.

4. The certified copy of the mortgage was not introduced in evidence. The mortgage was not set out as part of the pleadings, nor was it the foundation of the suit, and hence must be brought into the record by bill of exceptions, and this was not done. 33 Ark. 543; 38 *id.* 134; 52 Ark. 478.

*H. K. White, S. M. Taylor* and *Crawford & Hudson*, for appellee.

1. The objections to the evidence are not saved properly, and will not be noticed. They were too general. 39 Ark. 420. The objections should have been specifically pointed out. 58 Ark. 353; 60 *id.* 333; Elliott, App. Pro. 726.

2. But if it was error to allow the original mortgage to read in evidence, it was harmless, as a duly certified copy, authenticated under the act of congress, was properly introduced. Endlich, Int. St., sec. 316; 1 Gr. Ev., sec. 489; *id.* sec. 485; Sand. & H. Dig., secs. 721–2, 5103. This court will not reverse for error in the admission of evidence if there be other evidence to warrant the verdict. 15 Ark. 395; 58 *id.* 374.

3. The second instruction is correct. If the mortgage was in full force when the suit was begun, plaintiff

was entitled to recover. The rights of the parties were fixed by the condition of the mortgage at the time of purchase. 13 Wis. 498; 14 N. Y. 71; 23 N. Y. 539, 550; Jones on Ch. Mortg., sec. 293.

4. If a mortgage is sufficient to give title to property in another state, suit can be successfully maintained on it here, without recording the instrument in this state. 15 Ark. 235; 17 *id.* 154.

Sufficiency of exception.

HUGHES, J. (after stating the facts). The exception of the appellant to the court's ruling permitting the original mortgage from Ward to Melindy to be read in evidence was too general and indefinite. As was said in *Vaughan* v. *The State*, "appellant should have been ingenuous and fair to the court, 'laying his finger' upon the particular point in the court below which he is insisting upon here." 58 Ark. 353; see also *Railway Co.* v. *Murphy*, 60 Ark. 333; Elliott on Appellate Proceedings, 726.

Proving record of another state.

It was not competent to prove by Brown, the register of deeds, the records of his office. They might have been shown by a certified copy thereof authenticated as required by the laws of congress, or by an examined copy duly made and sworn to by any competent witness. The best evidence must be resorted to, and secondary evidence is not admissible, until it is shown that the primary evidence cannot be obtained.

The record relating to this mortgage should have been authenticated as required by section 906 of the Revised Statutes of the United States (which is familiar to the bar) before it could be read in evidence, and not having been so authenticated, and there being no examined copy made and sworn to as required by law, it was error to admit it, to show a lien in favor of the plaintiffs upon, or a right to possession of, the property in controversy by the plaintiff, under the laws of Kansas.

There being no showing or mention in the bill of Bringing up evidence on appeal. exceptions that the duly certified copy sent up in response to the writ of *certiorari* was filed or read as evidence in the case, we cannot find that it was read as evidence on the trial, as we must look alone to the bill of exceptions for the evidence in the case. If it had mentioned that this authenticated copy was read in evidence, the fact that it had been left out would make no difference, after it had been supplied by *certiorari*. If it was read as evidence in the trial of the case, the bill of exceptions might have been amended to show that fact.

We find no error in the instructions of the court.

There was no evidence to support the findings below. Wherefore the judgment is reversed, and the cause is remanded for a new trial.