(117 So. 643)

## STEARNES v. WOODALL. (8 Div. 6.)

Supreme Court of Alabama. June 28, 1928.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

T. Harvey Wright and W. C. Rayburn, both of Guntersville, for appellant.

Claud D. Scruggs, of Guntersville, for appellee.

BROWN, J. The appellant, claiming to be an heir at law of Simon Ross, filed the original bill against the other heirs at law of said Ross, and the appellee, Oscar Woodall, who is alleged to have succeeded to a life estate vested in Henry Winston, the husband of one of the deceased heirs, to have the value of that interest determined, and the lands sold for division among the joint owners.

Woodall answered, asserting that he was the sole owner of the property, making his answer a cross-bill, and praying that his title be quieted as against the claims of the parties to the suit.

The complainant filed demurrers to the cross-bill, which were overruled, and from that decree she has appealed.

The cross-bill avers, in substance, that said Simon Ross, the ancestor of the complainant, entered the lands in controversy as a homestead, and received a patent therefor on November 1, 1884; that some time during the year 1890, Ross and his wife entered into an agreement with Henry Winston, whereby Winston agreed to support, maintain, and care for Ross and his wife during the remainder of their lives, and in consideration of this undertaking Ross and his wife agreed to sell and did sell the land in controversy to said Winston and put him in actual possession thereof; that Winston fully executed and performed his part of the contract, by maintaining, keeping, and looking after Ross and his wife during their lives, and at their death furnished for them proper burial equipment and buried them; that said Winston remained in open, peaceable, continuous, and adverse possession of the land from the date of making the agreement, claiming to own the same, and assessing and paying the taxes thereon down to the 5th day of December, 1925, when he sold and conveyed the same by deed to the respondent, Woodall, for a valuable consideration; that said Simon Ross died more than 33 years before the cross-bill was filed, and his wife died in the year 1904; that since respondent Woodall purchased from Winston, he has been in the actual, peaceable, and adverse possession of the property.

These averments show that Winston was put in possession of the land by Ross and wife under the parol agreement of purchase, and the agreement had been fully executed by Winston's full performance, before his sale to Woodall, in legal effect by full payment of the purchase money, bringing the case clearly within the exception to the statute. Code of 1923, § 8034, subd. 5; Normant v. Eureka Co., 98 Ala. 181, 12 So. 454, 39 Am. St. Rep. 45.

The statute of frauds is not applicable to executed agreements. Gordon, Rankin & Co. v. Tweedy, 71 Ala. 202; Jackson v. Wilson Bros., 201 Ala. 529, 78 So. 883.

The averments further show that Winston's individual possession, occupation and user had been continuous under the claim of right for a period of thirty-three years,

130

without recognition of adverse rights or title in the heirs of Simon Ross. "In such a case the court, for the repose of society, will presume any state of the title in order to maintain a status of parties and property so long allowed to remain undisturbed." Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Moore v. Elliott, 217 Ala. 339, 116 So. 346.

In this respect the elements on which the doctrine of prescription is applied differ from those of adverse possession. In the first there must be an individual, continuous possession of user, without the recognition of adverse rights, for a period of 20 years, and upon the establishment of such claim and user, the law presumes the existence of all the necessary elements of adverse possession or title without fuller proof, while under a mere claim of adverse possession through the period prescribed by the statute of limitations no such presumption prevails, and all the elements must be established by him who asserts such possession or title. See Locklin v. Tucker, 208 Ala. 155, 93 So. 896, and cases cited in the last paragraph of the opinion in the case of Jackson v. Elliott, 100 Ala. 669, 13 So. 690.

The point taken by the demurrers that the cross-bill is defective as one to quiet title for failing to aver that there is no suit pending in which the respondent may test his title, is without merit. The statute authorizes affirmative relief on the cross-bill, relating to the subject-matter of the original bill, and it is not necessary that the bill should show grounds for equitable relief, or that his remedy at law is inadequate. Code of 1923, § 6550; Ashe-Carson Co. v. Bonifay et al., 147 Ala. 376, 41 So. 816.

The decree of the circuit court, in equity, is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.