(118 So. 638)

**SIBLEY et al. v. HUTCHISON.**
**(1 Div. 476.)**

Supreme Court of Alabama. Nov. 1, 1928.

Rehearing Dismissed Nov. 30, 1928.

George Bowen Cleveland, of Mobile, for appellants.

Rickarby & Coley, of Mobile, for appellee.

BROWN, J. The appellant filed this bill "as executor of and trustee under the will of William P. Hutchison, deceased," under the statute to quiet title to "lots twenty-two, twenty-four, and twenty-five of the village of Montrose, Baldwin county, Alabama according to the Gavin Yuille map of said village on record in the probate office of Baldwin county," averring that the complainant is, and the late William P. Hutchison during his lifetime was, in peaceable possession thereof, claiming to own said land and averring that the will of said William P. Hutchison, deceased, was duly probated in the probate court of Mobile county, and by authority of said will complainant is the executor of said estate and trustee of the real property thereof; and that the respondents are reputed to have "some claim, interest or right in and to the land described in the bill; that no suit is pending to test the title, claim, or incumbrance the defendants may have, and calls upon them, each, to set forth and specify his or her title, claim, interest, or incumbrance, and show by what instrument the same is derived or created."

These averments meet the requirements of the statute as to the general equity of the bill and complainant's right to sue. Code of 1923, § 9905.

 While the rules of good pleading in suits by executors require an allegation of their due appointment, naming the court giving the date of the issuance of letters testamentary (Sim's Ch. Pr. § 198; 1 Dan. Ch. Pr. §§ 363, 364), this defect was not pointed out by the demurrer and it was overruled without error. Code 1923, § 6553; L. & N. R. R. Co. v. Cowley et al., 164 Ala. 331, 50 So. 1015.

 The assignments of error, question-

ing the regularity of the proceedings in contradiction of the record, can avail the appellant nothing as we must presume regularity unless the contrary appears on the face of the record. Carson et al. v. Sleigh, 201 Ala. 373, 78 So. 229. The order of the court, overruling appellant's motion to dismiss the bill because of the alleged insufficiency of complainant's answers to the interrogatories propounded to him under the statute, though marked filed by the register on July 30, 1927, shows on its face that it was entered "at Bay Minette on the 10th day of June," 1927, and this recital conclusively refutes the contention of appellant that it was entered at a later date and antedated. Carson et al. v. Sleigh, supra.

The statute, Code 1923, § 7764, authorizing the examination of parties by interrogatories by the party adversely interested, though the mode of procedure is assimilated to that prevailing in bills for discovery in equity, contemplates the eliciting of legal evidence, and interrogatories calling for mere hearsay need not be answered. Culver, Adm'r, v. Ala. Midland Ry. Co., 108 Ala. 330, 18 So. 827; Cain Lumber Co. v. Standard Dry Kiln Co., 108 Ala. 346, 18 So. 882.

The motion to dismiss for failure of the complainant to answer the interrogatories was denied without error for another reason—it sought to confine the discretion of the court to a dismissal of the bill. Russell v. Bush, 196 Ala. 309, 71 So. 397.

Proof of peaceable possession by complainant, actual or constructive, at the filing of the bill makes a prima facie case, entitling the complainant to relief, and, in the absence of a cross-bill by the respondents, complainant is not required to specifically avow or set forth his title, and can rely on peaceable possession so proven, unless respondents establish the title specifically avowed in their answer. George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Kendrick v. Colyar, 143 Ala. 597, 42 So. 110; Reeder v. Cox (Sup.) 118 So. 338;[1] East Birmingham Realty Co. v. Birmingham Mach. & Foundry Co., 160 Ala. 461, 49 So. 448. Actual adverse possession of land for twenty years or more, without the recognition of adverse claim, creates a conclusive presumption of title. Vidmer v. Lloyd, 193 Ala. 386, 69 So. 480, Ann. Cas. 1917A, 576; Moore v. Elliott, 217 Ala. 339, 116 So. 346; Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226.

The appellants offered no proof of their avowed title or interest, and the evidence adduced by complainant shows that the complainant's testator, William P. Hutchison, and those under whom he claimed, had been in continuous possession of the lands in question, without recognition of adverse claims, for more than twenty years; and this, without more, was sufficient to es-tablish constructive peaceable possession in the complainant who sues as his executor.

The representative character of the complainant was not denied in the answer, nor by plea ne unques executor, and, in the absence of such denial or plea, it was unnecessary for the complainant to make proof of the fact of an executorship, or offer the will in evidence. Clarke v. Clarke's Adm'r, 51 Ala. 498.

The appellant complains that he was taxed with all costs, including the costs of the appointment and services of the guardian ad litem for minors, and the costs of bringing in nonresident defendants. While as a general rule the court has a broad discretion in the taxation of costs in equity cases, and if there is nothing more in the case, error in this regard will not constitute grounds for reversal; yet such matters are subject to review here. Allen v. Lewis, 74 Ala. 379; Kinney v. White et al., 215 Ala. 247, 110 So. 394; Porter v. Henderson, 204 Ala. 564, 86 So. 531.

We are of opinion that appellants should not have been taxed with the costs incident to the appointment of the guardian ad litem and his services, and the costs incident to publication for the nonresident minor defendants should not have been taxed against the appellants; and in this respect the decree will be corrected so as to tax said costs against appellee, and all other costs, including the costs of the appeal, will be taxed against appellants, and as so corrected the decree will be affirmed.

Corrected and affirmed.

ANDERSON. C. J., and SAYRE and THOMAS, JJ., concur.

