THE NEW CANAAN COUNTRY SCHOOL, INC. *v.* JOHN L. RAYWARD ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 4—decided November 26, 1957

638

*Morgan P. Ames,* with whom, on the brief, were *Edward R. McPherson, Jr.,* and *Raymond T. Benedict,* for the appellant (plaintiff).

*William R. Curtis,* with whom was *Dale Van Winkle,* for the appellees (named defendant et al.).

MURPHY, J. The plaintiff has appealed from a judgment declaring that the defendant Rayward has a right of way by grant and prescription across the plaintiff's property for any purpose which is reasonably connected with the reasonable use of his residential property and that the right of way is to be found on a certain map recorded in the office of the town clerk in New Canaan in 1941.

The facts found by the trial court which are material to the determination of this appeal in the limited aspect in which we treat it are as follows: The plaintiff is the owner of about 172 acres on Ponus Street and Frogtown Road upon which it operates a school. Ten acres adjoin Frogtown Road. The defendant Rayward, hereinafter called the defendant, owns ten acres which do not abut on any highway. Three and four-tenths acres of his property, called the Taub tract, are adjacent to the plaintiff's ten-acre tract. Over the latter, the defendant claims a right of way having its origin in a distribution by distributors in the estate of Gideon Leeds in 1794. The distribution set out to Leeds's

daughter, Lydia, seven acres, "reserving liberty for . . . [his son] Gideon to pass and repass through . . . Lydia's land to the highway in some convenient place." Seven acres and one rood were set out to the son Gideon, "with liberty to pass and repass through . . . Lydia's land to the highway in some convenient place." The Taub tract was part of the land set out to the son Gideon, and it devolved to the defendant by mesne conveyances and descent. The property set out to Lydia was situated between that set out to Gideon and the highway, which is now known as Frogtown Road. The portion of the plaintiff's property across which the defendant claims a right of way came out of the land set out to Lydia. The right of way created in the distribution of the estate of the elder Gideon Leeds was appurtenant to the Taub tract and runs across the plaintiff's land to Frogtown Road.

In proof of his claimed right of way, the defendant relied upon the testimony of Frank Deschene, a title searcher of long experience. On the voir dire, the witness stated that he was not an attorney but was employed as a title searcher by Lovejoy and Cuneo, attorneys for the defendant. The plaintiff objected to the witness' testifying on the ground that canon 19 of the canons of professional ethics would be violated. The court correctly overruled the objection. Deschene was not an attorney nor a member of the firm handling the litigation. See *Erwin M. Jennings Co.* v. *DiGenova,* 107 Conn. 491, 497, 141 A. 866.

Deschene was asked to trace the chain of title from the time of the distribution of the estate of Gideon Leeds in 1794 to the time of the conveyance to the defendant. The plaintiff objected to the testimony unless it was to be based upon a series of certified

copies of deeds offered in evidence. After the objection was overruled and an exception taken, the witness was permitted to testify from his notes as to the various documents which established the chain of title from 1794 to 1955, when the defendant acquired the Taub tract. No deeds or other conveyances and no probate records, apart from the distribution in 1794, were offered in evidence to establish title in the defendant. Reliance was placed solely upon the recital by Deschene of what his search disclosed and his opinion thereon. The court committed error in allowing such a method of proof. It was not the best evidence. Where the issue of title or ownership is directly involved, the proper way to prove title is by the production of the original documents or certified copies from the record. *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 582, 95 A.2d 792; *Dawson* v. *Orange,* 78 Conn. 96, 110, 61 A. 101; *Mathews* v. *Livingston,* 86 Conn. 263, 273, 85 A. 529.

Besides a right of way by so-called grant, the trial court found that the defendant had a right of way by reason of the continuous and uninterrupted user of a passway by his predecessors in title for a period exceeding fifteen years. Whether there was sufficient evidence to sustain this finding we are not called upon to decide. Some years ago, the passway into the Taub tract was mainly used for hauling wood from the tract in horse-drawn vehicles. Members of the then owner's family also walked and picnicked on the tract. Later, motor vehicles were driven over it. The defendant, after acquiring the tract in 1955, began the construction of a large dwelling on it. His contractor has operated heavy earth-moving equipment and trucks over the passway. The use by the defendant far exceeds any prescriptive rights acquired prior to his ownership. A right of

way created by grant is to be construed as broad enough to permit any use which is reasonably connected with the reasonable use of the land to which it is appurtenant; *Birdsey* v. *Kosienski,* 140 Conn. 403, 413, 101 A.2d 274; but it is well settled that when an easement is established by prescription, the common and ordinary use which establishes the right also limits and qualifies it. It does not extend beyond the user in which the servient owner has acquiesced. *Hawley* v. *McCabe,* 117 Conn. 558, 560, 169 A. 192. The extent of the right of way decreed by the trial court is much greater than that claimed to have been established by prescription.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.