142 So.2d 918

Hattie BARRY et al.

v.

Jasper J. THOMAS et al.

I Div. 951.

Supreme Court of Alabama.

June 21, 1962.

Vernon Z. Crawford, Mobile, for appellants.

Austill, Austill & Austill, Mobile, for appellees.

LAWSON, Justice.

This is a statutory bill in equity by Jasper, David and Samuel Thomas against Hattie Barry and others to quiet title to a lot in Whistler, Mobile County, particularly described in the bill, which was filed as permitted by § 1109, Title 7, Code 1940.

The respondents filed an instrument which is captioned "Demurrer, Answer and Cross Bill." The demurrer, which contained several grounds, was overruled. The complainants-cross respondents answered the so-called cross bill.

Following a hearing wherein the evidence was taken ore tenus, the trial court decreed that the complainants-cross respondents are the owners as tenants in common of the suit property and that the respondents-cross complainants have no right, title or interest in or to the suit property.

From that decree the respondents-cross complainants, to whom we will sometimes hereinafter refer as the respondents, appealed to this court. The complainants-cross respondents will be referred to hereinafter sometimes simply as the complainants.

 part of the instrument filed by the respondents which purports to be the answer to the bill simply denies each and every allegation of each paragraph of the bill and demands strict proof of the same. That is not a compliance with the provisions of § 1111, Title 7, Code 1940, although it

may be sufficient to put in issue the title claimed by complainants in their bill. Rushton v. McLaughlin, 213 Ala. 380, 104 So. 824. But see Stewart v. Childress, 269 Ala. 87, 111 So.2d 8.

The provisions of § 1111, Title 7, relative to what the answer should contain in a proceeding of this kind if the respondent claims any estate or interest in and incumbrance upon the suit property, are found in that part of the instrument filed by the respondents which they have denominated a cross bill.

The so-called cross bill seeks no relief other than to have the court decree that the respondent Hattie Barry and not the complainants have title to the suit property.

 Under our recent decisions a cross bill is not necessary to obtain such relief in a proceeding of this kind if the respondent makes an adequate answer under § 1111, Title 7, supra, and the proof shows that respondent has the better title and has peaceable possession. Chestang v. Tensaw Land & Timber Co., ante, p. 8, 134 So.2d 159; Myers v. Moorer, ante, p. 18, 134 So. 2d 168.

We will consider the averments of the so-called cross bill as being but a part of the answer and the cross bill and the answer thereto will be disregarded.

 As we have shown, the witnesses were examined in the presence of the trial court and the rule is well settled that a trial court's finding in an equity case upon oral testimony has the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong. Wilfe v. Waller, 263 Ala. 110, 81 So.2d 614; Stewart v. Childress, supra; King v. King, 269 Ala. 468, 114 So.2d 145.

 But the above rule does not affect our duty of ascertaining that part of the evidence offered which we may consider in determining the rights of the parties under the pleadings. Act No. 101, approved June 8, 1943, General Acts 1943, p. 105 (1955 Cum. Pocket Part, Vol. II, p. 81, §

372 [1], Title 7); Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115; Family Discount Stamp Co. of Georgia, etc. v. State of Alabama, Ala., —— So.2d ——. The 1943 act cited above provides in substance that in equity cases it is unnecessary that objection be made to any testimony or evidence which may be offered by either party and on the consideration of such cases the trial court should consider only such testimony as is relevant, material, competent and legal, and on appeal this court shall consider only such testimony as is relevant, material, competent and legal, unless specific objection was interposed and a ruling made on such objection by the trial court.

■ Under the rule of the 1943 act, supra, the testimony of the witness George K. Williams, Jr., an attorney and official of an abstract company, as to the contents of certain documents affecting the suit property which he found while making a search of the deed records in the office of the Judge of Probate of Mobile County, cannot be considered by us in determining the rights of the parties to this litigation. Such testimony is hearsay and violative of the best evidence rule. Jones v. Melindy, 62 Ark. 203, 36 S.W. 22; Green v. Baker, 66 Mont. 568, 214 P. 88; City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712; New Canaan Country School, Inc. v. Rayward, 144 Conn. 637, 136 A.2d 742.

The suit property was included as Lot 6 of Block 5 in a plat made and recorded in 1939 by one Otto Neese, which plat is known as "Neese's First Addition to Whistler." Neese was the grantee in two deeds executed by one J. E. Buck on May 20, 1929. One is a warranty deed, the other a quitclaim deed. It seems to be conceded that the description in one of these deeds covered the suit property.

On October 8, 1946, Neese and wife executed a warranty deed purporting to convey the suit property to one Jesse Thomas and wife, Marselite, which deed contained this clause: "To have and to hold the same unto the said Jesse Thomas and Marselite Thomas, during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple, and to the heirs and assigns of such survivor forever."

Jesse Thomas, who was a brother of the complainants, lived on the suit property with his wife, Marselite, until he died, intestate, on or about April 20, 1953. Jesse and Marselite Thomas had no children. Marselite Thomas continued to occupy the suit property until she died intestate on or about December 9, 1959.

Marselite Thomas was survived by two sisters, a brother, and by a large number of nieces and nephews. All of the persons designated as her heirs at law or next of kin, except her sister, Hattie Barry, joined in the execution of a quitclaim deed wherein they purported to convey their interest in the suit property to the said Hattie Barry, whose name is sometimes spelled Hattie Barret.

The respondent Hattie Barry claims fee simple title to the suit property through the deed from J. E. Buck to Otto Neese. The other two persons named as respondents to the original bill, Joshua Russell and Ryvana Calabep, are a brother and sister of Marselite Thomas, but they joined in the deed to their sister, Hattie Barry.

The complainants do not claim under any paper title. But they say that the respondent Hattie Barry, claiming as she does under the deed from Buck to Neese, executed in 1929, has no title to the suit property in that Buck had no title to convey. The complainants took the position that prior to that time their father, Andrew Thomas, had acquired title to the suit property by prescription and that they, together with their brother, Jesse Thomas, became the owners of the property when their father died intestate in 1933.

■ It is settled in this state that actual adverse possession of land for twenty years or more without the recognition of adverse claim creates a conclusive presumption of

title. Sibley v. Hutchison, 218 Ala. 440, 118 So. 638, and cases cited; Stearnes v. Woodall, 218 Ala. 128, 117 So. 643; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553, and cases cited.

The evidence shows beyond peradventure that Andrew Thomas was in the actual adverse possession of property situated in the vicinity of the lot involved in this litigation, claiming to own it as his own, for more than twenty years before Neese obtained his deed from Buck.

The testimony is in conflict as to the exact location of the property so held by Andrew Thomas, deceased. There was evidence offered by the respondents going to show that Andrew Thomas was never in possession of the property now known at Lot 6, Block 5, of the Neese subdivision, but was in possession of the property now known as Lot 2, Block 5, of that subdivision. However, there was ample evidence offered by the complainants to support a finding that it was the property now known at Lot 6, Block 5, the suit property, which was in the actual adverse possession of Andrew Thomas for more than twenty years prior to the time Buck executed his deed to Neese.

■■ As we have shown, the testimony was taken orally before the court and under the presumption which prevails when the testimony is so taken, we cannot say that the testimony was not sufficient to support a finding that Andrew Thomas acquired title to the suit property by prescription long before Buck executed his deed to Neese, as well as a finding that Andrew Thomas was the owner of the suit property at the time he died intestate in 1933, for title acquired by prescription is regarded in law as having vested a perfect title equivalent to one acquired by a formal grant or conveyance, which title can only be divested in the manner in which any title may be divested, such as by conveyance or by actual adverse possession. Milstead v. Devine, 254 Ala. 442, 48 So.2d 530.

■ It is a familiar rule that the possession of one tenant in common is prima facie thereby the possession of all and it does not become adverse to the cotenants unless they are actually ousted, or short of this, unless the adverse character of the possession of one is actually known to the others, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the cotenants on notice of its adverse character. Hames v. Irwin, 253 Ala. 458, 45 So.2d 281. This rule is not affected by the fact that the wife of one of the cotenants is joined as a grantee in a conveyance and that she occupied the premises with her husband. See Annotation on the "Right of spouse of cotenant to acquire and hold title adversely to other cotenants" in 153 A.L.R. beginning at page 678.

Jesse Thomas and the complainants became the owners of the suit property as tenants in common when their father, Andrew Thomas, died in 1933. Under the evidence, the complainants did not know of a deed from Neese to Jesse and Marselite Thomas until after the latter's death in 1959, a few months before this bill was filed. The character of the possession of Jesse and Marselite Thomas is certainly not shown to have been adverse to the complainants. On the contrary, there is evidence going to show that the complainants constructed a home on the lot in question without knowledge of the Neese deed so as to afford a place for Jesse and Marselite to live. Jesse was blind and the evidence amply supports a conclusion that the complainants permitted him to live on the "home place" because of this infirmity.

There is no evidence of scrambling possession in that there is nothing to support a legal inference that anyone claiming under Marselite Thomas has been in possession of the suit property subsequent to her death. Nor is there any evidence to show the actual possession of the property in anyone other than the complainants subsequent to the death of Marselite Thomas.

■ The complainants sought to show that they were in the actual possession of the property at the time the suit

**532**

was filed. The respondents say that the evidence was not sufficient to show actual possession. We see no occasion to determine whether the evidence was sufficient to show that the complainants were in the actual possession of the property at the time the suit was filed because in a suit to quiet title a complainant is not required to prove actual possession notwithstanding he made such allegation, since such allegation is not essential for the relief sought if he shows constructive possession. Ellis v. Womack, 247 Ala. 254, 23 So.2d 859.

 Section 1109, Title 7, Code 1940, authorizes this type of proceeding by a party in possession "whether actual or constructive" and it is true that when one has a legal estate or fee in land, he has constructive possession, unless there is actual possession in someone else. George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Milstead v. Devine, supra; Sibley v. Hutchison, supra.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.