HOUSTON, Justice.
This is an action to quiet title. Thelma Jeffcoat and Mary Jane Zorn filed the action, claiming ownership in fee simple of two parcels of land by prescription. This appeal involves the judgment of the Court relating only to Parcel II. Therefore, we pretermit any discussion relating to Parcel I, since it is not in any way relevant to the issues presented to us.
After the complaint was amended, Parcel II consisted of 14 acres, more or less (5.5 acres on the north side of the SW ¼ of SW ¼ and 8.5 acres in the NW ¼ of SW Vi, all in Section 26, Township 3 North, Range 19 East), adjacent to and southwest of the Pea River in Coffee County, Alabama. The evidence was presented ore tenus to the trial court.
Initially, the trial court held that defendant Alford & Associates, Inc., possessed and held all right, title, and interest in the lands described as Parcel II in the amended complaint and that Jeffcoat and Zorn had no right, title, interest, or encumbrance as to that parcel. A document was properly styled “A Motion For New Trial or in the Alternative To Alter, Amend, or Vacate the Judgment under Rule 59; Request for Findings of Facts and Conclusions of Law under Rule 52.” This was set for hearing, and after arguments on behalf of the parties, the trial court reexamined the evidence, law, pleadings, and arguments; denied the motion for new trial; granted the motion to amend the judgment and thereby vacated the portion of the judgment finding for Alford & Associates, Inc., and against Jeffcoat and Zorn insofar as Parcel II was concerned; and substituted the following order.
“4. That Thelma H. Jeffcoat and Mary Jane Zorn are possessed [of] and hold all right, title and interest in the lands described in the Amendment to Complaint as Parcel II.
“5. That Alford and Associates, Inc., holds no right, title, or interest in the lands described in the amendment to Complaint as Parcel II.”
Alford and Associates, Inc., and Fred B. Alford appeal. We affirm.
Evidence was presented that Mrs. Jeff-coat and Mrs. Zorn and their predecessors in title had been in possession of Parcel II since the 1930s. They had cultivated this property and rented it to tenants for more than 40 years. Parcel II had not been assessed for ad valorem taxes by anyone during this period of time. There was no evidence introduced as to who had record title to Parcel II.
We are of the opinion that there was evidence from which the trier of fact could find that Jeffcoat and Zorn and their predecessors in title had been in continuous, active, peaceable, visible, hostile, notorious, exclusive, and undisputed possession for more than twenty (20) years. Title to property may be acquired by prescription by such possession without a showing of color of title. Ford v. Bradford, 218 Ala. 62, 117 So. 429 (1928)
In Snow v. Boykin, 432 So. 1210, 1212 (Ala.1983), Justice Embry wrote for this Court:
“Under the doctrine of prescription, actual adverse possession of land for twenty years or more without recognition of adverse claim creates a conclusive presumption of title, and the law presumes *432 the existence of all the necessary elements of adverse possession, or title, without full proof. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962); Stearnes v. Woodall, 218 Ala. 128, 117 So. 643 (1928). This presumption, created by prescription, precludes judicial inquiry into a title so acquired; thus the rule of prescription of twenty years is a rule of absolute repose. Walker v. Coley, 264 Ala. 492, 88 So.2d 868 (1956). The essence of this principle is that, if parties allow twenty years to elapse without taking steps to assert property rights, repose of the disputed title is presumed....”
Title acquired by prescription is equivalent to title acquired by formal grant or conveyance and can be divested only in the manner in which any title may be divested. Barry v. Thomas, 273 Ala. 527, 142 So. 918 (1962).
Neither Fred B. Alford nor Alford and Associates claims any interest in the portion of Parcel II in the NW ⅝ of the SW ¼ of Section 26 (approximately 8.5 acres). Alford executed a deed purporting to convey to Alford and Associates ten acres in the northern part of the SW ⅝ of the SW ¼ of this Section in 1980. Alford and Associates owned the southernmost 30 acres in this Section. Alford testified as follows concerning this deed: “We were going to try to pick up and pay taxes on the ten acre strip to establish color of title on it, but they hadn’t paid the tax or got billed on it.” A portion of Parcel II (5.5 acres on the north side of the SW ⅛ of the SW ¼) was included in the description in the 1980 deed from Alford to Alford and Associates. This deed was filed for record in 1983. Alford also had the timber on Parcel II cut within a year of this deed’s being filed. Neither of these actions would be sufficient to divest title to Parcel II from Jeffcoat and Zorn.
In an action to quiet title to real property in which evidence is presented ore tenus to a court without a jury the trial court’s findings of fact should not be disturbed on appeal unless palpably erroneous or manifestly unjust. Snow v. Boykin, supra. We do not find that paragraphs four and five of the trial court’s amended judgment were palpably erroneous or manifestly unjust; therefore, we affirm.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur.