ON APPLICATION FOR REHEARING
PER CURIAM.
The opinion of this Court released on September 25, 1987, is hereby withdrawn, and the following opinion is substituted therefor:
This is an appeal from a judgment on a verdict rendered in favor of the defendants, Oliver Jackson and Eugene Phelon. The plaintiff, Tom Perine, filed a complaint containing two causes of action against the defendants; one for ejectment and the other to quiet title, either in personam or in rem. Perine argues that he is a bona fide purchaser for value and should have clear title to the property he purchased. He argues that the mortgage through which the defendants claim title did not describe the property purchased by him. Therefore, he argues that because no reformation was taken to correct the mortgage, the defendants are precluded from denying his claim. However, because Perine is not a bona fide purchaser his suit must fail. We affirm.
The facts surrounding this case are as follows:
The property involved in this action is described as follows:
All of the NW ¼ of SE ¼ of Section 15, Township 5 North, Range 3 East which lies South and East of the Choctaw Bluff Road, containing 30 acres more or less.
On July 6, 1966, Roscoe Scott became owner of the property by virtue of a warranty deed from Minnie and Fred Stallworth, dated July 6, 1966, filed and recorded on July 8, 1966. On July 9, 1966, Roscoe Scott and his wife Rosetta executed a mortgage to Merchants Bank of Jackson, filed and recorded July 13, 1966. On March 22, 1968, *1319 the Scotts executed another mortgage to Merchants Bank covering the property, filed and recorded on March 27, 1968. On August 6,1969, the Scotts executed a mortgage to Philip A. Magnes, Norma J. Conrad, and Morris K. Sirote, as trustee for Joan Magnes, a partnership doing business as Apex Finance Company. This mortgage was intended to convey the same property, but it did not describe it correctly. Instead of referring to the property as “SE ¼ of Section 15,” this description referred to the property as “SE ⅝ of Section 15.” Otherwise, the descriptions were the same. This mortgage was filed and recorded on August 15, 1969.
While the mortgages were outstanding and unpaid, on February 6, 1970, the Scotts attempted to convey the property to Perine by a warranty deed filed and recorded on March 25, 1970. On January 21, 1976, the Merchants Bank mortgages were assigned to Rosetta Scott; the assignments were filed and recorded on February 18, 1976. On February 16, 1976, Rosetta Scott assigned these mortgages to Oliver Jackson and Eugene Phelon, the defendants; the assignment was filed and recorded on February 18, 1976.
On October 4, 1973, Roscoe Scott executed a mortgage to Commercial Credit Corporation of Jackson, Alabama, covering the property. That mortgage was filed and recorded on October 9, 1973. This mortgage was assigned to Jackson and Phelon on February 16,1976, filed and recorded on May 5, 1976. The Apex mortgage on the property was assigned to Jackson and Phe-lon on February 3, 1976, the assignment being filed and recorded on May 5, 1976. Jackson and Phelon foreclosed this mortgage and received a mortgage foreclosure deed dated September 23, 1976, the assignment being filed and recorded on September 24, 1976. The description in the notice of foreclosure was changed from “SE ½” to “SE lk.” Jackson and Phelon and their wives conveyed one acre of the property to David and Chichena Phelon in a warranty deed dated September 25, 1979, filed October 29, 1979, and a correction deed dated April 5, 1980, filed April 7, 1980. David and Chichena Phelon executed a mortgage to the Farmers Home Administration conveying the one acre on April 7, 1980, filed and recorded on the same date. Roscoe Scott assigned his right of redemption to Jackson and Phelon on September 30,1976, that assignment being filed and recorded on the same date. The Apex mortgage is the only mortgage that has been foreclosed. Perine, after his alleged purchase, had paid taxes on the property until 1981, when he was informed by the tax assessor he could no longer pay taxes. He has not maintained or made any improvements on the property. Jackson and Phelon began paying taxes on the property in 1976, and took possession that year. They planted trees in 1976, and began living on the property.
Perine argues that the court should eject Jackson and Phelon and quiet title to the property in his favor because he was a bona fide purchaser for value in 1970, six years before the defendants acquired any interest in the property. A bona fide purchaser for value is a purchaser who: (1) purchases legal title to real property, (2) without actual or constructive notice of any infirmities, claims, or equities against the title. Rolling “R” Const., Inc. v. Dodd, 477 So.2d 330 (Ala.1985); First Nat. Bank of Birmingham v. Culberson, 342 So.2d 347 (Ala.1977). Perine is not a bona fide purchaser because he cannot claim that he purchased the property without notice. “[T]he rule of property in Alabama as elsewhere is that the record of a mortgage is constructive notice to everybody. ...” Hendley v. First Nat’l Bank, 235 Ala. 664, 673, 180 So. 667 (1937).
Perine argues that the property was not correctly described and, therefore, that the defendants should not have legal title by way of the mortgage from Apex. The property described in the Apex mortgage read “SE ½ of Section 15” instead of “SE ¼ of Section 15,” the correct description. All the other mortgages given by the Scotts correctly described the property. “Although a patent ambiguity cannot be made certain by parol proof of the intention of the parties, the court may consider the circumstances surrounding the parties to *1320 enable it to determine what property the deed was intended to convey.” Jordan v. Tinnin, 342 So.2d 748, 751 (Ala.1977), citing Reynolds v. Lawrence, 147 Ala. 216, 219, 40 So.2d 576 (1906). By reviewing all the mortgages and the error in the description in the Apex mortgage, we find it obvious that the same property was intended to be conveyed in the mortgage to Apex. Therefore, Jackson and Phelon acquired legal title and the trial court correctly refused to order ejectment.
Perine also requested that the trial court quiet title in personam or in rem. Perine’s request was correctly refused in both aspects. First, Perine was not in possession of the property; therefore, he cannot quiet title in personam. Bass v. Sanders, 282 Ala. 546, 213 So.2d 391 (1968). Perine does not have a legal estate or fee in land; therefore, he cannot be deemed to have constructive possession. Denson v. Gibson, 392 So.2d 523 (Ala.1980); Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962). Second, because the defendants are in possession, he cannot quiet title in rem. Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853 (1972). Therefore, the trial court correctly denied Perine’s request to quiet title.
For the reasons set forth, the judgment of the trial court is due to be affirmed.
APPLICATION GRANTED. ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.