CRAWLEY, Judge.
In December 1996, the Shook Hill Road Property Owners’ Association (the “Association”) sued S. Kent Stewart and Julie Stewart, alleging that the Stewarts had obstructed a storm water drainage pipe and thereby had caused damage to property owned by the Association and its individual members. The Association requested that the trial court enjoin the Stewarts from obstructing the pipe and award it compensatory damages. The Association and the Stewarts each moved for a summary judgment. The trial court entered a summary judgment for the Association. The Stewarts appealed to the supreme court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial evidence rule.
The Association owns and maintains Shook Hill Road located in the City of Mountain Brook. The Association is composed of property owners living along Shook Hill Road. In 1989, the Stewarts purchased a lot facing Shook Hill Circle, located on a hillside below Shook Hill Road. Shook Hill Circle property owners are not members of the Association. A storm water drainage pipe extends downhill from property overlooking Shook Hill Road; it goes under the road and empties onto the Stewarts’ property. The Stewarts began constructing a residence on their lot in 1994, and sometime afterwards, they obstructed the pipe; when they did so, storm water flowed back onto Shook Hill Road and onto Association members’ properties. It is undisputed that the drainage pipe had been in existence for approximately 50 years.
We conclude that the dispositive issue is whether the Association has a prescriptive easement over the Stewarts’ property. Our supreme court has held:
“ ‘An easement of drainage through a ditch to or across the land of another may be acquired by prescription, and the principles and requisites of the acquisition of an *696 easement by prescription in a private way apply. In order to acquire the right, the use must have extended [for 20 years], and must have been adverse, peaceable, uninterrupted, and under a claim of right.... The ditch or drain must have been an apparent, open, visible, or notorious encumbrance; and there must have been an actual occupation by the flow of water.’ ”
City of Mountain Brook v. Beatty, 292 Ala. 398, 403, 295 So.2d 388, 391 (1974) (quoting 93 C.J.S. Waters § 121, at 821-22). See also, City of Montgomery v. Couturier, 373 So.2d 625 (Ala.1979).
In its summary judgment motion, the Association made a prima facie showing that it had used the drainage pipe to drain water onto the Stewarts’ property for more than 20 years; that its use was “adverse, peaceable, uninterrupted, and under a claim of right”; and that its use was “an apparent, open, visible, or notorious encumbrance.” Id. The Stewarts argue that they presented substantial evidence indicating that they had no knowledge of the existence of the drainage pipe or indicating that the drainage pipe was not apparent, open, visible, or notorious, and they argue that the trial court therefore erred by entering the summary judgment for the Association. We disagree.
Whether the Stewarts had notice of the drainage pipe is irrelevant, because the elements of a prescriptive easement, including notice, relate to the owner of the subservient property at the time of the creation of the easement and not to subsequent owners of the subservient property, such as the Stewarts. After a prescriptive use of 20 years, “the law presumes the existence of all the necessary elements of adverse possession or title without fuller proof.” Beatty, 292 Ala. at 403, 295 So.2d at 391 (quoting Steames v. Woodall, 218 Ala. 128, 130, 117 So. 643, 644 (1928)).
The Stewarts purchased their property in 1989, and they discovered the drainage pipe in 1994 when they cleared the land to construct a residence on the property. It is undisputed that at the time of the hearing the drainage pipe had been in existence, and used to channel water onto the Stewarts’ property, for approximately 50 years. The Stewarts did not present substantial evidence to rebut the prima facie showing of a prescriptive easement. The Stewarts presented no evidence of who their predecessor in title was, and they presented no evidence indicating that their predecessor in title had had no notice of the drainage pipe; therefore, the trial court properly concluded that all the elements of a prescriptive easement, including notice on the part of the subservient property owner, had been satisfied before the Stewarts purchased the property. Therefore, we affirm the summary judgment for the Association.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.