[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMOPANDUM RE: MOTION FOR SUMMARY JUDGMENT #108
This action arises from an alleged fall on snow and ice on a sidewalk at 414 Meadow Street in the City of Waterbury. The plaintiffs have sued Drubner Realty Management, Inc. (Drubner Realty), David V. Drubner and Norman S. Drubner, alleging that they are the owners of the premises at 414 Meadow Street. The defendants in this Motion for Summary Judgment claim that they are not the owners of the premises and that judgment should enter on their behalf.
It is the defendants claim that the owner of the premises, at the time of the incident, was JSD Partners and that the partnership was not named as a defendant. The plaintiff alleges in the complaint that David V. Drubner and Norman S. Drubner were doing business as JDS Partners.
There is no dispute that the defendant, Drubner Realty, was not in existence at the time of the cause of action. Drubner Realty was dissolved on December 24, 1994 and the plaintiff's accident was alleged to have occurred on February 15, 1996. The defendants have attached an acceptance of the certificate of dissolution of Drubner Realty from the Secretary of the State dated December 24, 1994, as Exhibit A to their memorandum. The plaintiffs do not question this fact and therefore Summary Judgment should enter as to the defendant-Drubner Realty.
It is the plaintiffs claim that, although David V. Drubner is partner of JSD Partners that he was named as a defendant in his individual capacity and that there is no jurisdiction over the partnership since it was not named as a defendant.[1]
The defendants support their claim that JSD Partners is the owner of the premises by attaching a copy of a property index card from the city of Waterbury assessor's office as Exhibit B to their memorandum."[W]here the issue of title or ownership is directly involved, the proper way to prove title is by the production of the original documents or certified copies from the CT Page 11389 record." New Canaan Country School, Inc. v. Rayward,144 Conn. 637, 640, 136 A.2d 742 (1957) (referring to deeds or other conveyances and probate records). See also Velsmid v. Nelson,175 Conn. 221, 229, 397 A.2d 113 (1978). The property index card is not a deed, conveyance, probate record or official recording of the passage of title. The property index card is not proof of title and therefore a genuine issue of material fact does exists as to who was the owner of the premises.
Even if the owner of the property at the time of the plaintiff's injury was JSD Partners, the plaintiffs have alleged in the complaint that David V. and Norman S. Drubner were doing business as JSA Partners and therefore the court has jurisdiction over the partnership. "Partners, at common law . . . [could] not be sued in the firm name . . . In some jurisdictions the common-law rule [has been] changed by statutes which provide that partners, or a firm, may be sued by the partnership name, although it is still permissible to sue a firm in the individual names of its members." (Internal quotation marks omitted.)Hotchkiss v. DeVita, 103 Conn. 436, 444-45, 130 A. 668 (1925) "While Section 52-112 of the General Statutes allows suit in the partnership name, . . . this statute does not take away the common-law right in this jurisdiction to sue a firm in the individual names of its partners." Design Collaborative v.Ceruzzi, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 290423 (March 3, 1992, Thim, J.). Finally, the defendants argue that the defendant, Norman S. Drubner, was not a partner with JSD Partners nor was he an owner. The plaintiff argues that the defendant's answer to the complaint dated January 8, 1998 admits the allegations in paragraph 10 of the first count alleging that Norman Drubner was a partner of JDS Partners. It was only after the plaintiff filed its memorandum dated November 2, 1998 to this motion did the defendant file an amended answer dated December 16, 1998 changing its answer to the complaint by denying paragraph 10 of the first count of the complaint. The superseded pleading ceases to be a conclusive judicial admission but is an evidentiary admission which the fact finder can consider with other evidence. Crowell v. Danforth,222 Conn. 150, 155 (1992). There is a disputed issue of fact as to this issue.
The court will deny the Motion for Summary Judgment as to the defendants David V. Drubner and Norman S. Drubner. The court will grant the motion for Summary Judgment as to the defendant Drubner Realty. CT Page 11390
PELLEGRINO, (J)